**MILBERG TADLER PHILLIPS GROSSMAN LLP**
Ariana J. Tadler (Pro Hac Vice)
atadler@milberg.com
Henry J. Kelston (Pro Hac Vice)
hkelston@milberg.com
One Penn Plaza
New York, NY 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis (Pro Hac Vice)
*jyanchunis@ForThePeople.com*
Ryan J. McGee (Pro Hac Vice)
*rmcgee@ForThePeople.com*
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: 813-223-5505

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Andrew N. Friedman (Pro Hac Vice)
AFriedman@CohenMilstein.com
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Telephone: 202-408-4600

*Interim Counsel for the Class*
[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JASPER SCHMIDT, an individual and California resident, WILLIAM BASS JR., an individual and California resident, JILL HERR, an individual and New York resident, STEPHEN ADKINS, an individual and Michigan resident, and DENISE BROWN-WELLS, an individual and Florida resident,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | No. C 18-05982 WHA (JSC)<br>*Consolidated Cases*:<br>No. C 18-06022 WHA (JSC)<br>No. C 18-06953 WHA (JSC)<br>No. C 19-00117 WHA<br><br>STIPULATED [PROPOSED] FEDERAL RULES OF EVIDENCE 502(d) ORDER AND CLAWBACK AGREEMENT |

1. **PURPOSE**

For the purpose of the above-captioned litigation, this Order under Federal Rules of Evidence 502(d) and (e) reflects the Parties' agreement to protect certain privileged or otherwise protected documents (as defined by F.R.C.P. 34(a)(1)) and accompanying metadata ("Documents") against claims of waiver of any privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, or other applicable privilege) associated with such Documents.

2. **CLAWBACK NOTICE**

In the event that a producing party discovers that it produced Documents subject to a legally recognized claim of privilege or work-product protection, it shall provide written notice of the claim to the receiving party (a "Clawback Notice"), identifying the subject Documents.

3. **COVERED DOCUMENTS**

   (a) For purposes of this Order, "Covered Documents" include any Document(s) specified in a Clawback Notice, provided such Document(s):

   (i) Was produced fewer than 30 days prior to receipt of the Clawback Notice by the receiving party; or

   (ii) Totals less than 50 Documents or 5% of the Documents in the production to which the Clawback Notice relates (whichever is greater), regardless of when such production was made.

   (b) The producing party is not obligated to provide any explanation or evidence regarding the reasonableness of efforts taken to prevent the production of Covered Documents.

   (c) The production of any Covered Document shall not result in the waiver of any privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, or other applicable privilege) associated with such Document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind, in this or in any other state or federal proceeding. This

Paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Covered Documents.

4. **NON-COVERED DOCUMENTS**

    (a) With respect to Documents specified in a Clawback Notice that are not Covered Documents under this Order ("Non-Covered Documents"), Federal Rule of Evidence 502(b) shall apply.

    (b) Where the conditions of Federal Rule of Evidence 502(b) are satisfied, the production of any Non-Covered Document shall not result in the waiver of any privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, or other applicable privilege) associated with such Document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind, in this or in any other state or federal proceeding. This Paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to such Documents.

5. **PROCEDURES FOLLOWING CLAWBACK NOTICE**

    (a) Within ten (10) business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with the producing party's claim of privilege) or a receiving party's own determination that information it received is privileged or work-product-protected, the receiving party must promptly return, sequester, and/or destroy the Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed, and notify the producing party when this is complete.

    (b) If a receiving party challenges a claim that a Document specified in a Clawback Notice is privileged or work-product-protected, the receiving party shall notify the producing party of its positions within fourteen (14) days of receiving the Clawback Notice asserting the claim. Within 14 days of the producing party's receiving notification of the dispute, the parties shall meet and confer in an effort to resolve

their disagreement. If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination and may submit the Document(s) at issue for *in camera* review. Unless otherwise agreed by the Parties or ordered by the Court, the Document(s) covered by the Clawback Notice shall not be used or disclosed by the receiving party during the time in which the parties are meeting and conferring about the privileged nature of the Document(s) or during the time in which the privilege dispute is before the Court.

(c) If a receiving party challenges a Clawback Notice pertaining to a Non-Covered Document on the ground that the production of the Document was not inadvertent by the producing party, that the producing party did not take reasonable steps to prevent the production of the Document, or that the producing party did not take reasonable or timely steps to rectify the production of the Document, the receiving party shall notify the producing party of its positions within fourteen (14) days of receiving the Clawback Notice. Within 14 days of the producing party receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, the parties may submit the issue to the Court for a determination, and may submit the document(s) at issue for *in camera* review.

6. **QUICK PEEK PROVISION**

In the event that a producing party notifies a receiving party that it desires to produce Documents without having reviewed the Documents for privilege or work-product protection ("Quick Peek Production"), the parties will negotiate separate parameters for such productions and their related privilege protections. The provisions of Paragraph 3 of this Order will not apply to Quick Peek Productions. However, this Order shall apply to Quick Peek Productions to the extent that any privilege or protection is not waived in any other federal or state proceeding by disclosure in a Quick Peek Production.

7. **PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any party is aware that it has obtained privileged or work-product-protected

1  information, or has received a Clawback Notice, or it is reasonably apparent that the party has
2  obtained privileged or work-product-protected information through production, disclosure, or
3  communications, such information may not be submitted to the Court (except in connection with
4  a challenge of the privilege assertion) or presented for admission into evidence or sought in
5  discovery in this proceeding or in any other proceeding or action.  The receiving party must
6  immediately notify the producing party of its possession of such privileged information and return,
7  sequester, or destroy such information or Documents.  Any Documents at issue in a privilege
8  challenge that are filed with the Court must be filed under seal for *in camera* review.

10  **IT IS SO STIPULATED**, through Counsel of Record.

12  Dated: March 28, 2019                **MILBERG TADLER PHILLIPS GROSSMAN LLP**

14  By: /s/ Henry J. Kelston
    Henry J. Kelston (Pro Hac Vice)
    *hkelston@milberg.com*
    Ariana J. Tadler (Pro Hac Vice)
    *atadler@milberg.com*
    One Penn Plaza
    New York, NY 10119
    Telephone: 212-594-5300
    Facsimile: 212-868-1229

    **MORGAN & MORGAN COMPLEX LITIGATION GROUP**
    John A. Yanchunis (Pro Hac Vice)
    *jyanchunis@ForThePeople.com*
    Ryan J. McGee (Pro Hac Vice)
    *rmcgee@ForThePeople.com*
    201 N. Franklin Street, 7th Floor
    Tampa, Florida 33602
    Telephone: 813-223-5505
    Facsimile: 813-223-5402

|   |   |
|---|---|
|   | **COHEN MILSTEIN SELLERS & TOLL PLLC**<br>Andrew N. Friedman (Pro Hac Vice)<br>AFriedman@CohenMilstein.com<br>1100 New York Avenue NW, Suite 500<br>Washington, DC 20005<br>Telephone: 202-408-4600<br>Facsimile: 202-408-4699<br><br>*Interim Counsel for the Class* |
| Dated:   March 28, 2019 | **LATHAM & WATKINS LLP**<br><br>By:  _s/_ Melanie M. Blunschi_<br>Elizabeth L. Deeley (CA Bar No. 230798)<br>   elizabeth.deeley@lw.com<br>Michael H. Rubin (CA Bar No. 214636)<br>   michael.rubin@lw.com<br>Melanie M. Blunschi (CA Bar No. 234264)<br>   melanie.blunschi@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Telephone:  +1.415.391.0600<br>Facsimile:  +1.415.395.8095<br><br>*Counsel for Defendant Facebook, Inc.* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  March 29, 2019.

_____
Hon. William Alsup
United States District Court Judge

*[Signed and sealed: IT IS SO ORDERED, Judge William Alsup, United States District Court, Northern District of California]*