**VIA ECF**

June 20, 2019

Hon. Jacqueline Scott Corley, United States Magistrate Judge
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Bass, et al. v. Facebook, Inc.*, **No. 18-cv-05982-WHA (JSC) (N.D. Cal.)**

Dear Judge Corley:

      In accordance with Your Honor's Civil Standing Order and Judge Alsup's Case Management Order (ECF No. 67), defendant Facebook, Inc. ("Facebook") and plaintiffs Stephen Adkins and William Bass, Jr. (together, "Plaintiffs") submit this letter regarding a discovery dispute concerning Facebook's attempt to take discovery from 12 absent class members that filed complaints against Facebook and served initial disclosures (the "Class Members").  Facebook intends to serve document and deposition subpoenas upon the Class Members, who are represented by Plaintiffs' counsel.  Plaintiffs contend that absent class member discovery is not appropriate.  After meeting and conferring in good faith, the parties have been unable to reach a compromise.  Rather than serving subpoenas in multiple jurisdictions, which would result in costly motion practice and potentially inconsistent rulings, the parties agreed that Facebook would hold its subpoenas in reserve while the parties brought this issue to the Court.

Respectfully submitted,

| LATHAM & WATKINS LLP | LOCKRIDGE GRINDAL NAUEN PLLP |
|---|---|
| /s/ Melanie M. Blunschi | /s/ Karen Hanson Riebel |
| Elizabeth L. Deeley (CA Bar No. 230798)<br>  *elizabeth.deeley@lw.com*<br>Michael H. Rubin (CA Bar No. 214636)<br>  *michael.rubin@lw.com*<br>Melanie M. Blunschi (CA Bar No. 234264)<br>  *melanie.blunschi@lw.com*<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA  94111-6538<br>T:  +1.415.391.0600/F:  +1.415.395.8095 | Karen Hanson Riebel (Pro Hac Vice)<br>*khriebel@locklaw.com*<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401 2179<br>T: (612) 596-4097 / F: (612) 339-0981 |
| Andrew B. Clubok (appearance *pro hac vice*)<br>  *andrew.clubok@lw.com*<br>Susan E. Engel (appearance *pro hac vice*)<br>  *susan.engel@lw.com*<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>T:  +1.202.637.2200/F:  +1.202.637.2201 | MORGAN & MORGAN<br>COMPLEX LITIGATION GROUP<br>John A. Yanchunis (Pro Hac Vice)<br>*JYanchunis@ForThePeople.com*<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602<br>T: 813-223-5505/F: 813-223-5402 |
| Serrin Turner (appearance *pro hac vice*)<br>  *serrin.turner@lw.com*<br>885 Third Avenue<br>New York, NY  10022-4834<br>T:  +1.212.906.1200/F:  +1.212.751.4864 | TADLER LAW LLP<br>Ariana J. Tadler (Pro Hac Vice)<br>*ATadler@ tadlerlaw.com*<br>One Pennsylvania Plaza<br>New York, NY 10119<br>T: 929-207-3639 /F: 212-273-4375 |
| *Attorneys for Defendant Facebook, Inc.* | COHEN MILSTEIN SELLERS & TOLL, PLLC<br>Andrew N. Friedman (Pro Hac Vice)<br>*AFriedman@CohenMilstein.com*<br>1100 New York Ave, 5th Floor<br>Washington, DC 20005<br>T: 202-408-4600 /F: 202-408-4699 |
| | *Interim Co-Class Counsel* |

## SIGNATURE ATTESTATION

 I am the ECF User whose identification and password are being used to file the following Joint Discovery Letter and pursuant to Civil Local Rule 5-1(i)(3), I, Melanie M. Blunschi, attest that concurrence in the filing of this document has been obtained from each of the signatories hereto.

Dated: June 20, 2019                                                                  /s/ Melanie M. Blunschi
                                                                                                       Melanie M. Blunschi

**PLAINTIFFS' POSITION**

"Discovery from absent class members is ordinarily not permitted." *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008), *see also Dukes v. Wal-Mart Stores, Inc.*, 2013 WL 1149754, at *1 (N.D. Cal. Mar. 19, 2013) ("[D]iscovery of absent class members ... is not routinely granted".). "Importantly, a defendant who propounds discovery upon absent class members requires those members to take some affirmative action to remain in the class, effectively creating an 'opt in' requirement which is inconsistent with the 'opt out' provisions of Rule 23. Thus, allowing defendants to subject absent class members to discovery may defeat the purpose of certifying the class in the first place." *McPhail* at 517. (citations omitted).

"Defendants must have leave of court to take depositions of members of a putative class, other than the named class members—after first showing that discovery is both necessary and for a purpose other than taking undue advantage of class members." *Baldwin & Flynn v. Nat'l Safety Assocs.*, 149 F.R.D. 598, 600 (N.D. Cal. 1993). "The burden is heavy to justify asking questions by interrogatories, even heavier to justify depositions." *Id.; see also Moreno v. Autozone, Inc.*, No. C-05-4432, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) (requiring that the "proponent of the deposition demonstrate[] discovery is not sought to take undue advantage of class members or to harass class members, and is necessary to the trial preparation").

Discovery of the Named Plaintiffs has already occurred. Discovery from absent putative class members is inappropriate and can only be designed to harass: they are not parties to this case, and have either been removed as plaintiffs after filing an initial complaint or had been considering serving as Named Plaintiffs but were never a named party at all.[1] Depositions would produce no information useful to the case beyond that which could be obtained through discovery of parties and Facebook's internal documents. Further, these depositions are likely to be highly intrusive and burdensome - Facebook deposed Named Plaintiffs about their private Facebook activity, their credit scores, their family members, their shopping habits, their dating lives, and their phone records. *See* Adkins Tr. at 207-08, 256, 293-94, 344-51; Bass Tr. at 54-55, 90-91, 110-11; Brown-Wells Tr. at 124-25, 148-49, 220-22; Herr Tr. at 177-78. It also interrogated the Named Plaintiffs about their cell phones, demanded searches during breaks, and asked about private conversations and content, which the Supreme Court has noted in the criminal context contain "vast store[s] of sensitive information." *See* Brown-Wells Tr. at 159; Herr Tr. at 252; *see also*, *e.g.*, *Carpenter v. United States*, 138 S. Ct. 2206, 2214 (2018). Facebook now seeks to depose individual Facebook users, like hundreds of millions of others, whose only commonality is prior interest in the litigation. The filings made by these putative plaintiffs did not substantively impact the litigation or impose any burden on Facebook. This attempt at absent class member discovery appears to be an attempt to harass and punish these individuals for having the temerity to file complaints against Facebook in the first place.

---

[1] Facebook's reference, *infra*, to the Stipulated Protocol and Order Re. Communications with Putative Class Members (ECF 138), is irrelevant to this dispute. The Protocol's purpose is to prevent misleading or coercive *ex parte* communications with absent class members; it does not contemplate or concern discovery of the kind being proposed.

1

Joint Discovery Letter Brief
Case No. 18-cv-05982-WHA (JSC)

Courts in the Ninth Circuit disfavor discovery of absent class members, particularly prior to certification or early in the litigation, recognizing absent class members' right, under Rule 23, to remain absent and recognizing that "the 'absent' class members are not yet parties to the case, and therefore, the Court lacks jurisdiction over them to enforce a Rule 37 motion to compel directing them to provide discovery responses." *Carlin v. DairyAmerica, Inc.*, 2017 WL 4410107, at *4 (E.D. Cal. Oct. 4, 2017) (denying deposition of former putative class representatives before class certification) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985) (explaining that absent class members are not parties to the case, have no obligations prior to class certification, and courts lack coercive authority)); *Vedachalam v. Tata Am. Int'l Corp.*, No. C 06-00963 CW (EDL), 2011 WL 13161567, at *1 (N.D. Cal. Aug. 12, 2011) (denying deposition where class certification declarations were withdrawn); *Moreno*, 2007 WL 2288165, at *1 (allowing depositions "only of those absent class members who have injected themselves into the class certification motion by filing factual declarations"); *Baldwin*, 149 F.R.D. at 600-01.

Facebook "has not shown its need for the proposed discovery, or that the testimony of the proposed deponents would differ in any substantial way from that already provided and/or otherwise available." *Burgess v. Tesoro Ref. & Mktg. Co.*, No. CV105870, 2011 WL 13217362, at *2 (C.D. Cal. July 5, 2011). The information requested is readily available elsewhere – particularly, from Facebook itself, which has demonstrated that it has unlimited access to all class members' accounts. *See Holman v. Experian Info. Sols.*, No. C 11-00180, 2012 WL 2568202, at *5 (N.D. Cal. July 2, 2012) (denying discovery where proponent "has not met its burden of demonstrating that the information is not readily obtainable from other sources"). To the extent Facebook believes that there is some relevance to discovery about what information these individuals chose to make public on Facebook or other internet sites, Facebook has already shown its willingness and ability to scour the internet for any crumbs of personal information the Named Plaintiffs may have left behind years ago. We do not believe that Facebook's conduct in this regard was appropriate, or that it led to relevant evidence even about the Named Plaintiffs. As argued in detail in our opposition to Facebook's motion to dismiss, that an individual may have (intentionally or not) publicly revealed, for example, their hometown or relationship status somewhere on the internet at some time does not mean that person was not harmed when Facebook's inadequate security allowed hackers to access the thousands of bits of personal data that Facebook has collected and consolidated as its highly profitable business model. But, in any event, Facebook does not need to take burdensome discovery to obtain information that Facebook contends is public. And, to the extent that Facebook may be seeking to discovery non-public information about these people (which it has also shown a willingness to do), that information certainly has no relevance to this case and any attempt to obtain it would be an outrageous invasion of privacy. Finally, this discovery would not materially aid Facebook in opposing class certification. The individual Facebook users that Facebook seeks to subpoena have no information that could possibly significantly impact class certification. Facebook has made no showing that these individual users are any differently situated than any other notified or otherwise harmed Facebook users. The Court should not allow the sought discovery to take place.

**DEFENDANT'S POSITION**

Ten of the twelve Class Members filed complaints against Facebook in September and October 2018 seeking to represent putative classes in claims arising out of the September 2018

Attack.[2]  Following consolidation of these and other related actions in January 2019, *see* ECF No. 67, *all twelve* Class Members—including the two that did not file their own actions—served initial disclosures stating that they have relevant information and suffered harm as a result of the Attack.[3]  Plaintiffs' attempt to shield these alleged Class Members from discovery should be rejected.  Contrary to Plaintiffs' suggestion, courts permit discovery from absent class members where the information sought is relevant and the request is not unduly burdensome or made to take advantage of or harass class members.  *See, e.g., Mas v. Cumulus Media, Inc.*, 2010 WL 4916402, at *1–4 (N.D. Cal. 2010) (allowing depositions of absent class members named in initial disclosures).[4]  Facebook's request more than meets the standard.

**The discovery is directly relevant to class certification.**  The discovery at issue goes to the heart of whether this case is fit for class treatment.  First, a critical question for class certification will be "whether common evidence and common methodology could be used to prove the elements of the underlying cause of action." *Davidson v. Apple, Inc.*, 2018 WL 2325426 (N.D. Cal. May 8, 2018).  Based on the discovery obtained to date from the named Plaintiffs, Facebook believes that a substantial portion of the putative class suffered no cognizable injury from the Attack.  For example, Plaintiffs allege that the putative class shared information on Facebook that they expected would not be disclosed outside of Facebook, but depositions of the named Plaintiffs revealed that, to varying degrees, they had in fact made public some (or all) of the very same information.  Indeed, in the wake of such revelations, 3 out of the 5 named Plaintiffs dismissed their claims (albeit purportedly without prejudice to recover as absent class members).  To take another example, Plaintiffs Adkins and Bass assert that the Attack caused them to lose time logging back into Facebook, receive unsolicited emails, and/or cancel a credit card.  But their depositions confirmed that it took them just minutes to log back into Facebook, that nothing happened to them as a result of the (unspecified and undocumented) supposed emails, and that the cancelled credit card was never even used on Facebook (and was cancelled for other reasons, *i.e.*, Plaintiff Adkins had too much debt).

Facebook seeks discovery from the Class Members, some of whom made the same claims about lost time and unsolicited communications in their own initial disclosures, to further develop this record.  And Facebook seeks this discovery to show that the Court cannot make an injury or damages determination without conducting an individualized inquiry into each class member's experience, based on documents and other evidence unique to each class member.  Plaintiffs' suggestion that the Class Members "have no information that could possibly significantly impact class certification" simply ignores Rule 23(b)'s predominance requirement; Plaintiffs must show they can prove, using common evidence, that the Attack harmed class members.  If Facebook is permitted to continue to depose Class Members, it will be able to prove just the opposite.

---

[2] These Class Members voluntarily dismissed their claims in March 2019 "without prejudice to participate and/or recover as class members." ECF Nos. 87–94.

[3] *See* Decl. of Melanie M. Blunschi ("Blunschi Decl.") at ¶¶ 4-5.

[4] Plaintiffs rely on *Carlin v. DairyAmerica, Inc.*, No. 2017 WL 4410107 (E.D. Cal. Oct. 4, 2017), but this dispute concerns non-party subpoenas under Rule 45, not compliance with the discovery requests served upon the Class Members before they dismissed their claims.

Second, the discovery is relevant to whether Plaintiffs Adkins and Bass, the two remaining putative class representatives, have claims typical of the class. The discovery record to date—including the proof that the Attack did not involve Plaintiff Bass's account at all and that Plaintiff Adkins has no evidence of the little harm that he has alleged—has shown serious issues with Plaintiffs' claims of injury and damages. Facebook seeks limited discovery from the Class Members to further establish that Plaintiffs Adkins and Bass fall short of Rule 23(a)'s typicality requirement. The issue of whether Plaintiffs Adkins and Bass have standing is presently before Judge Alsup. But if they do have standing, further discovery will confirm that they face unique issues that render them inadequate class representatives. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (denying class certification where "a major focus of the litigation [would] be on a defense unique to" the named plaintiff). Indeed, the involvement of class members in discovery was plainly contemplated by the Court when it requested (and approved) a protocol for communications with absent class members. ECF Nos. 26, 138.

**The discovery is reasonable in scope.** The discovery sought from the Class Members is limited in scope to the information alleged by the Class Members in their complaints and initial disclosures. Specifically, Facebook seeks (1) records of the information the Class Members claim was compromised by the Attack and any documentation for their alleged injuries, and (2) an opportunity to question the Class Members about their allegations in a deposition of reasonable length at a mutually agreeable time and location. These requests are not unduly burdensome: they do not call for voluminous document productions or complex e-discovery processes; there would not likely be privilege issues; and much (if not all) of the documentation would have been collected as part of a pre-suit investigation. Moreover, Facebook's narrowly tailored request does not seek information from "absent class members" writ large,[5] and these Class Members are represented by Plaintiffs' counsel (and were at the time they filed suit and served initial disclosures). Plaintiffs claim that the discovery is "readily available" from Facebook, but that's not true: Facebook does not have records of, for example, Mr. Veach's alleged "credit errors and fraud," Blunschi Decl. ¶ 6, the notification Ms. Kirkland received about her personal information being "available for sale on the dark web," *id.*, or the notifications Ms. King alleges to have received that "unknown persons" were "trying to access her accounts," *id.* Notably, the requested discovery is limited to the information identified by the Class Members in their initial disclosures and complaints. This is precisely the type of discovery that courts have permitted from class members. *See, e.g.*, *Brown v. Wal-mart Store, Inc.,* 2018 WL 339080, at *2 (N.D. Cal. 2018) ("Plaintiffs' selection of these individuals as persons with relevant information who may appear at trial renders them immediately eligible for deposition."); *Moreno v. Autozone, Inc.*, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) (granting depositions of absent class members). And courts have allowed for more time-consuming and burdensome discovery when appropriate. *See, e.g., Cumulus Media,* 2010 WL 4916402, at *2–4 (requiring discovery of calendar and appointment documents, as well as receipts and bank statements, even where they required redactions or efforts to separate personal from business expenses).

---

[5] This case is thus unlike *Vedachalam v. Tata Am. Int'l Corp.*, 2011 WL 13161567 (N.D. Cal. Aug. 12, 2011), where the defendants had already taken at least 28 depositions from putative class members. Facebook has taken only four depositions, and two of those deponents (Jill Herr and Denise Brown-Wells) have since dropped their claims.

4

Joint Discovery Letter Brief
Case No. 18-cv-05982-WHA (JSC)

**The discovery is made for a proper purpose.** To be clear, the Class Members brought themselves into this dispute by filing complaints and serving initial disclosures. This discovery is not meant to harass the Class Members, but rather to test their allegations of harm—and to show that the fact of injury and amount of damages cannot be determined without an individualized inquiry into each class member. And although the Class Members dismissed their individual claims, they expressly reserved the supposed right to "participate and/or recover as class members." ECF Nos. 87–94. They cannot have it both ways. If the Class Members wanted to avoid this litigation, they should not have filed complaints or served initial disclosures indicating that they have relevant information and were harmed by the Attack. *See Brown*, 2018 WL 339080, at *1 (class members identified in initial disclosures were "injected into the litigation"). Not only have the Class Members injected themselves into this litigation, but Facebook has sought this discovery since *before* the Class Members were, in fact, absent class members. After receiving Plaintiffs' initial disclosures, Facebook served initial discovery requests, seeking, among other things, production of documents from Class Members (and the current named Plaintiffs) supporting their alleged injuries and damages. Plaintiffs stonewalled, and the Class Members ultimately dismissed their claims without prejudice after Plaintiffs filed the operative Consolidated Class Action Complaint ("Complaint"), which did not include any of the Class Members as putative class representatives. ECF No. 76.

The discovery is also needed to fill gaps in the discovery provided by the two remaining class representatives. Plaintiffs have alleged generally that the Attack exposed users to identity theft, Compl. ¶¶ 14, 201, yet neither of the two remaining Plaintiffs alleged that they were exposed to identity theft and they were not able to articulate any basis for that allegation. In contrast, many of these Class Members specifically alleged they were victims of identity theft. For example, Ms. McGuire alleges to have received fraudulent charges on her credit card in January 2019 as a result of the Attack. Blunschi Decl. ¶ 6. Facebook disputes that Ms. McGuire's charges, or any similar incident of identity theft, can be linked to the Attack, and is entitled to the opportunity to develop evidence to rebut that charge. Plaintiffs cannot claim identity theft as alleged damages for the class while preventing Facebook access to discovery purportedly supporting those claims.