# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| JASPER SCHMIDT, ET. AL. <br> *Plaintiff* <br> v. <br> FACEBOOK, INC. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. C-18-05982 WHA (JSC) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Elizabeth Kirkland, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Regus Business Center <br> c/o Aptus Court Reporting <br> 111 North Orange Ave, Suite 800, Orlando, FL 32801 | Date and Time: <br> 06/28/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/24/2019

| *CLERK OF COURT* | OR | /s/ Melanie M. Blunschi |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Facebook, Inc. Melanie M. Blunschi, 505 Montgomery St., Suite 2000 , who issues or requests this subpoena, are:
San Francisco, CA 94111, Tel. 415.391.0600, melanie.blunschi@lw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. C-18-05982 WHA (JSC)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:18-cv-05982-WHA   Document 151-3   Filed 06/20/19   Page 4 of 9

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

**I.     DEFINITIONS**

1. "Action" refers to the above-captioned matter, *Schmidt, et al v. Facebook, Inc.*, No. 18-cv-05982-WHA (N.D. Cal.), and any action consolidated with it.

2. "Attack" refers to the September 2018 attack on Facebook's systems at issue in the Action.

3. "Document(s)" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes, without limitation, all of the items defined in Federal Rule of Evidence 1001.

4. "Facebook Account(s)" shall mean any account or accounts hosted on the Facebook website for which the user is either the owner or the administrator, including any such accounts that have been deleted or deactivated.

5. "Initial Disclosures" shall mean Plaintiffs' Initial Disclosures in the Action, dated January 23, 2019, including Attachment S to Plaintiffs' Initial Disclosures ("Attachment S").

6. "Not Publicly Available" shall refer to information that is accessible to a limited or restricted group of people, rather than being generally available to anyone.

7. "Other Online Account(s)" shall mean any account or accounts hosted by a website, service, or application where Your information that You contend is personal is stored, including, by way of example and not exclusion, all social networking, professional, interest-related, or other online accounts, profiles or platforms, and all blogs, websites, or any other web based or mobile application that stores or accesses user information.  For purposes of this subpoena, Other Online Account(s) excludes Your Facebook Account(s).

8. "Publicly Available" shall refer to information that is generally available to anyone, rather than being accessible to only a limited or restricted group of people.

9.  "You" or "Your" shall refer to Elizabeth Kirkland, and without limitation, her agents, representatives, consultants, attorneys, or any other person acting or purporting to act on her behalf.

10. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

## II.    INSTRUCTIONS

1.  In responding to the Requests in this subpoena, Facebook requests that You make a reasonable search of the Documents in Your possession, custody, or control.

2.  If any Document requested herein is claimed to be privileged or otherwise withheld, in whole or in part, You should identify each Document and provide the following information: (a) identity of the person who created, wrote, or prepared the Document and, if applicable, the person(s) to whom the Document (or copies of it) was sent; (b) date on which the Document was created, written, prepared, or transmitted; (c) description of the nature of the Document (*e.g.*, letter, e-mail, memorandum); (d) number of pages the Document contains; and (e) whether the Document is privileged or otherwise withheld, and why the Document is privileged or withheld.

3.  To the extent You object to any of the Requests below and refuse to produce any requested Documents, You should produce all Documents responsive to the Request(s) that are not objectionable, and explain in detail the basis for withholding anything to which You object. In the event that any Document called for has been destroyed, lost, discarded or otherwise disposed of, identify such Document as completely as possible, including the following information: (a) date of disposal; (b) manner of disposal; (c) reason for disposal; (d) person authorizing the disposal; and (e) person disposing of the Document.

4.  The following rules of construction apply to the Requests:

      a.    As used herein, the use of the singular form of any word shall include the plural form of the same and vice versa.

      b.    As used herein, the use of any tense of any verb shall include within its meaning all other tenses of that verb.

5.    In producing Documents, please produce all electronically stored information in accordance with Appendix 1 to the Stipulated Order Regarding E-Discovery ("ESI Protocol") that has been entered in this Action. A copy of the ESI Protocol (ECF 127) is enclosed as Exhibit A to this subpoena. Documents maintained or stored in paper, hard-copy form can be produced as searchable PDF (*i.e.*, portable document format files with embedded text).

6.    A Protective Order has been entered in the Action governing the disclosure of confidential information. Copies of the Stipulated And [Proposed] Protective Order (ECF 102) and the Order Approving Stipulated Protective Order Subject To Stated Conditions (ECF 103) are enclosed as Exhibit B to this subpoena.

## III.    REQUESTS FOR PRODUCTION

1.    Documents sufficient to identify the username, user ID, URL, email address, and phone number associated with Your Facebook Accounts.

2.    Documents sufficient to show the categories of information You provided in Your Facebook Accounts.

3.    Documents sufficient to show the security and privacy settings for Your Facebook Accounts prior to and including September 28, 2018, including the settings reflecting whether those accounts (or portions of those accounts) were Publicly Available or Not Publicly Available.

4.    Documents sufficient to identify the categories of Your information that You allege were compromised during the Attack.

5. Documents sufficient to identify persons or entities that gained access after the Attack to the information You contend is (a) personal, (b) exposed by the Attack, and (c) Not Publicly Available prior to the Attack.

6. All Documents, including notifications, showing any exposure of information that You contend is (a) personal, (b) exposed by the Attack, and (c) Not Publicly Available prior the Attack, including from Other Online Accounts that were breached.

7. All Documents, including notifications, related to any theft, compromise, or breach involving information You contend is (a) personal, (b) exposed by the Attack, and (c) Not Publicly Available prior the Attack.

8. All Documents related to any injury or damages that You contend You suffered as a result of the Attack, including without limitation all Facebook friend requests from unknown persons, and all notifications or other evidence of Your personal information being for sale on the dark web, as referenced in Your Initial Disclosures.

9. All Documents concerning Your allegations that You have "spent considerable time attempting to manage [ ] problems with [Your] Facebook account and restore privacy of [Your] Facebook account," including any records of remedial steps that were taken and costs or expenses that were incurred.  (Attachment S at ¶ 3).

10. All Documents concerning Your allegation that You received "notification that [Your] personal information was available for sale on the dark web, including [Your] social security number and spent considerable time attempting to secure this personally identifying information," including, but not limited to, any communications or notifications regarding the incident, documents sufficient to show that your personal information was available for sale, any

4

records of remedial steps that were taken and the result thereof, and any costs or expenses that were incurred.  (Attachment S at ¶ 3).

11. All Documents concerning Your allegation that You received "increased friend requests from unknown persons," including, but not limited to, screenshots sufficient to show each such request, the dates and times of such requests, Your responses to such requests, and the identity of such "unknown persons."  (Attachment S at ¶ 3).

12. Documents sufficient to show each friend request received by You on Your Facebook Account from "unknown persons" in the year prior to September 14, 2018, including without limitation the dates and times of each such request and the identity of the person making the request.  (Attachment S at ¶ 3).

## IV. TOPICS FOR DEPOSITION

1. Your Facebook Account(s), including without limitation the nature and categories of personal information You provided in your Facebook Account(s) and the security and privacy settings for Your Facebook Account(s) prior to and including September 28, 2018.

2. The nature and categories of personal information that You allege were compromised during or exposed by the Attack, including without limitation whether any persons or entities gained access to such information, and whether such information was Publicly Available prior to the Attack.

3. Any harm, injury, loss or damages you contend You suffered as a result of the Attack, including without limitation all damages claimed by You in Your Initial Disclosures in this Action.