# Exhibit A

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN ADKINS, an individual and Michigan resident, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>      Defendant. | No.  C 18-05982 WHA (JSC)<br><br>The Honorable William Alsup |

## SETTLEMENT AGREEMENT AND RELEASE

2634196 v1

**Table of Contents**

**Settlement Agreement and Release** ...............................................................................1

**Recitals** ..............................................................................................................................1

    1.  Definitions ...................................................................................................3

    2.  Security Commitments ................................................................................6

    3.  Preliminary Approval .................................................................................7

    4.  Class Notice and Objections .....................................................................7

    5.  Duties of Settlement Administration .........................................................8

    6.  Service Award ..........................................................................................10

    7.  Attorneys' Fees, Costs, and Expenses ....................................................10

    8.  Mutual Releases ......................................................................................11

    9.  Effective Date and Termination ...............................................................12

    10. No Admission of Wrongdoing or Liability ..............................................13

    11. Representations .......................................................................................14

    12. Notice .....................................................................................................14

    13. Confidentiality .......................................................................................16

    14. Miscellaneous Provisions.......................................................................16

2634196 v1

**Exhibit List**

Security Commitments.................................................................................  Exhibit 1

[Proposed] Preliminary Approval Order....................................................  Exhibit 2

Notice Plan (Declaration of Steven Weisbrot)..........................................  Exhibit 3


    Long Form Notice ...............................................................................  Exhibit 4a

    Short Form Notice ...............................................................................  Exhibit 4b


[Proposed] Final Approval Order and Judgment ......................................  Exhibit 5

2634196 v1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is made as of February 7, 2020, by and between, as hereinafter defined, (a) Settlement Class Representative Stephen Adkins (hereinafter "Adkins"), on behalf of himself and the Settlement Class, and (b) Defendant Facebook, Inc. (hereinafter "Facebook"), collectively, the "Parties." This Agreement fully and finally resolves and settles any and all claims that are, were, or could have been asserted in the litigation styled *Adkins, et al. v. Facebook, Inc.*, Case No. C 18-05982 WHA (JSC).

## RECITALS

WHEREAS, on September 28, 2018, Facebook announced that it had been the target of a criminal cyberattack in which the attackers exploited a vulnerability in the Facebook website (the "Vulnerability") to gain unauthorized access to user access tokens (the "Attack").

WHEREAS, as a result of the Attack, 11 lawsuits were filed against Facebook, alleging that Facebook had inadequate data security and failed to properly safeguard users' accounts.

WHEREAS, those actions were consolidated before the Honorable William Alsup in the United States District Court for the Northern District of California.

WHEREAS, on January 9, 2019, pursuant to the Court's invitation to counsel to conduct a public tutorial on the information generally related to this case, including subjects of data privacy and the technology used to both protect and attack it, the Parties made expert presentations to the Court on the requested subjects.

WHEREAS, on February 7, 2019, five named plaintiffs filed a consolidated class action complaint.

WHEREAS, on February 14, 2019, the Court appointed John Yanchunis of Morgan & Morgan Complex Litigation Group, Ariana Tadler of Milberg Tadler Phillips Grossman LLP (subsequently of Tadler Law LLP), and Andrew Friedman of Cohen Milstein Sellers & Toll, PLLC as Interim Lead Counsel, representing then-Plaintiffs and putative class Members ("Interim Class Counsel").

WHEREAS, on March 14, 2019, Facebook moved to dismiss the consolidated class action complaint.

WHEREAS, on May 30, 2019, three of the five named plaintiffs voluntarily dismissed their claims without prejudice to participating in a class recovery, if any.

WHEREAS, on June 21, 2019, the Court granted in part and denied in part Facebook's motion to dismiss the consolidated class action complaint, dismissing one plaintiff for lack of standing and dismissing seven of the ten claims alleged by remaining plaintiff Adkins.

WHEREAS, on July 18, 2019, Interim Class Counsel filed a motion for leave to amend plaintiff Adkins's claims, which was granted in part and denied in part on August 9, 2019.

WHEREAS, on August 16, 2019, Interim Class Counsel filed an Amended Consolidated Class Action Complaint on behalf of Adkins and the putative class.

WHEREAS, on August 29, 2019, Interim Class Counsel filed a motion for class certification ("Class Certification Motion") pursuant to Federal Rule of Civil Procedure 23.

WHEREAS, on November 26, 2019, the Court granted in part and denied in part the Class Certification Motion, certifying only an injunctive class under Rule 23(b)(2).  The Court also appointed John Yanchunis of Morgan & Morgan Complex Litigation Group, Ariana Tadler of Tadler Law LLP, and Andrew Friedman of Cohen Milstein Sellers & Toll, PLLC as class counsel ("Class Counsel").

WHEREAS, pursuant to the Court's Notice and Order Re Putative Class Actions and Factors to be Evaluated for Any Proposed Class Settlement ("Class Settlement Order"), counsel for the Parties did not discuss settlement prior to class certification, and only began engaging in settlement discussions after extensive discovery on the merits and the Court's order certifying the injunctive relief class under Rule 23(b)(2).

WHEREAS, on January 6, 2020, the Court granted the Parties' joint motion to limit the definition of the certified class and certified the class as follows:  "All current Facebook users residing in the United States whose personal information was compromised in the data breach announced by Facebook on September 28, 2018" (the "Class").

WHEREAS, the Parties engaged in extensive fact and expert discovery over the course of the above-captioned litigation.  Class Counsel have expended significant time investigating the facts relating to the Attack with the assistance of experts in cybersecurity and identity theft, analyzing the evidence adduced during pretrial discovery, researching the applicable law with respect to Plaintiff's claims against Facebook and the potential defenses thereto, including the motions described above, reviewing 139,000 pages of documents, taking fourteen (14) percipient witness and 30(b)(6) depositions, defending six named Plaintiff depositions, and defending four expert depositions.

WHEREAS, the Parties engaged in an arm's-length, in-person mediation session in San Francisco on January 8, 2020, facilitated by the Honorable Joseph C. Spero (the "Mediator").

WHEREAS, following the January 8, 2020 settlement conference, the Parties also engaged in additional communications in furtherance of settlement, including the negotiation and finalization of a proposed notice plan and settlement term sheet.

WHEREAS, Facebook denies any wrongdoing whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Facebook with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, any infirmity in the defenses that Facebook has asserted or would assert, or any requirements of Federal Rule of Civil Procedure 23 or Cal. Civ. P. Code § 382 or whether Plaintiff satisfies those requirements.

WHEREAS, based upon their substantial investigation and pretrial discovery as set forth above, Class Counsel have concluded that the terms and conditions of this Agreement are fair,

2634196 v1

reasonable and adequate to Settlement Class Representative and Settlement Class Members (defined below) and are in their best interests, and have agreed to settle the claims that were asserted or could have been asserted in the above-captioned litigation pursuant to the terms and provisions of this Agreement after considering: (a) the substantial benefits that Settlement Class Members will receive from the Settlement; (b) the uncertain outcome and attendant risks of litigation; (c) the delays inherent in litigation; and (d) the desirability of permitting the settlement of this litigation to be consummated as provided by the terms of this Agreement.

WHEREAS, it is the intention of the Parties to resolve the disputes and claims which they have between them on the terms set forth below.

NOW, THEREFORE, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree, as follows:

1.      **DEFINITIONS**

As used in this Agreement, the following terms shall be defined as follows:

1.1      "Action" means the consolidated action captioned *Adkins, et al. v. Facebook, Inc.*, Case No. C 18-05982 WHA (JSC), pending in the United States District Court for the Northern District of California.

1.2      The Action is presided over by Judge William Alsup of the Northern District of California (hereinafter the "Court").

1.3      "Settlement Class Representative" means Stephen Adkins, an individual and Michigan resident, who brings the above-captioned class action on behalf of himself and the Class (hereinafter "Settlement Class Members").

1.4      "Facebook" is a company incorporated in Delaware, with its principal place of business in Menlo Park, California.

1.5      "Adkins" and "Facebook" are each individually referred to herein as a "Party." "Parties" means the Settlement Class Representative, on behalf himself and the Settlement Class, and Facebook.

1.6      "Class Counsel" and "Lead Settlement Class Counsel" mean John Yanchunis of Morgan & Morgan Complex Litigation Group, Ariana Tadler of Tadler Law LLP, and Andrew Friedman of Cohen Milstein Sellers & Toll PLLC.

1.7      The "Attack" refers to the cybersecurity attack on Facebook announced on September 28, 2018, that is the subject of the above-captioned lawsuit.

1.8      The "Vulnerability" refers to the vulnerability in the Facebook website that was used to perpetrate the Attack.

1.9    "Administrative Expenses" means all of the expenses incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses or costs associated with the Notice Plan and providing Notice to the Settlement Class.   Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

1.10   "Agreement" or "Settlement Agreement" means this Settlement Agreement, including all exhibits.

1.11   "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

1.12   "Effective Date" means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in Section 9.1.

1.13   The term "Expert" has the same meaning as defined in Section 2.6 of the March 25, 2019 Protective Order filed in this matter.

1.14   "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement and dismisses the claims against Facebook with prejudice and without material change to the Parties' agreed-upon proposed final approval order and judgment attached hereto as Exhibit 5.

1.15   "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

1.16   "Notice" means notice of the proposed class action settlement to be provided to Settlement Class Members pursuant to the Notice Plan approved by the Court in connection with preliminary approval of the Settlement, substantially in the forms attached hereto as Exhibits 4a and 4b.

1.17   "Notice Plan" means the settlement notice program developed by the Settlement Administrator substantially in the form attached hereto as Exhibit 3, as approved by the Court.

1.18   "Notice Date" means forty-five (45) days after the Preliminary Approval Order when notice is to be disseminated to the Class.

1.19   "Preliminary Approval Order" means an order by the Court that preliminarily approves the Settlement (including but not limited to the forms and procedure for providing Notice to the Settlement Class), permits Notice to the proposed Settlement Class, establishes a procedure for Settlement Class Members to object to the Settlement, and sets a date for the Final Approval Hearing, without material

change to the Parties' agreed-upon proposed preliminary approval order attached hereto as Exhibit 2.

1.20   "Released Claim" means any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fee and cost, action or cause of action, of every kind or description—whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that is released pursuant to the mutual releases set forth in Section 8.

1.21   "Service Award" means the amount awarded and paid to the Settlement Class Representative in recognition of his role in this litigation, as set forth in Section 6.1.

1.22   "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.23   "Settlement Administrator" means Angeion Group.  Class Counsel and Facebook may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

1.24   "Settlement Class" or "Class" means those Persons certified as a class under Federal Rule of Civil Procedure 23(b)(2), from which exclusions shall not be permitted, consisting of all current Facebook users residing in the United States whose personal information was compromised in the Attack; provided, however, that the following are excluded from the Settlement Class: (i) Facebook's officers, directors, legal representatives, successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

1.25   "Settlement Website" means a website established by the Settlement Administrator to provide information about the Settlement.  At a minimum, the following information shall be posted on the Settlement Website:  (i) a copy of the redacted version of the Amended Consolidated Class Action Complaint publicly available through PACER; (ii) Plaintiff's Motion for Preliminary Approval of Class Action Settlement; (iii) Notice; and, (iv) after filing, Plaintiff's Motion for Attorneys' Fees, Expenses, the Service Award, and Plaintiff's Motion for Final Approval of the Settlement.  The Settlement Website, in addition to being in English, will contain translations in Spanish.

1.26   "Unknown Claims" means any and all Released Claims that Facebook or Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his, her, or its favor as of the Effective Date and which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Facebook, Settlement Class Representative and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state of the United

-5-

States, or principle of common law or otherwise, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settlement Class Representative and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## 2.    SECURITY COMMITMENTS

2.1    Facebook shall certify, to a reasonable degree of certainty, that the Vulnerability exploited in the Attack has been eliminated, that it is no longer possible to generate access tokens in the manner that was done in the Attack, and that all access tokens generated through the Vulnerability have been invalidated.

2.2    Facebook shall adopt, implement, and/or maintain the security commitments designed to prevent similar attacks set forth in **Exhibit 1**, attached hereto, for a period of five years from the Effective Date.

2.3    Following the Effective Date, Facebook's compliance with the agreed-upon security commitments set forth in **Exhibit 1** shall be assessed annually by an unbiased, independent third-party vendor selected by Facebook, subject to agreement by Lead Settlement Counsel, which will not be unreasonably withheld. Facebook shall provide Lead Settlement Counsel with the results of the annual third-party assessments on a confidential basis within 30 days of completion of each assessment.  Lead Settlement Counsel may share the results of the annual third-party assessment, on a confidential basis, with a third-party Expert of their choosing (subject to approval by Facebook, which will not be unreasonably withheld), at their own expense, to verify Facebook's compliance with the terms in this Section 2.3.

2.4    To the extent permitted by the Court, **Exhibit 1** shall be filed under seal because it contains sensitive information about Facebook's cybersecurity practices that could harm Facebook, current users, and Settlement Class Members if made public. The Parties agree to keep confidential any matters relating to the security commitments described in **Exhibit 1** to the extent it is filed under seal, and not to disclose such

matters to any other person or entity, pursuant to section 13.1 of the Parties' Settlement Agreement.

2.5     The Parties acknowledge that technical requirements for securing a large online service evolve and change dynamically. In the event that technological or industry developments, or intervening changes in law render any of the provisions set forth herein obsolete or make compliance by Facebook with any provision unreasonable or technically impractical, Facebook will provide notice to Class Counsel within ten (10) days and propose a modification thereof. If the Parties reach a mutual agreement that the elimination or modification of a provision is appropriate, they may jointly petition the Court to eliminate or modify such provision. If the Parties fail to reach an agreement, Facebook may petition the Court to eliminate or modify such provision. Under any circumstances, to the extent Class Counsel believe that Facebook is not complying with any of the provisions noted in this section, they will first meet and confer with Facebook under the Local Rules for the Northern District of California prior to seeking relief from the Court.

## 3.     PRELIMINARY APPROVAL

3.1     By February 7, 2020, Settlement Class Representative and Class Counsel will file a motion for preliminary approval of the Settlement and Notice Plan with the Court.

3.2     Class Counsel shall apply to the Court for entry of the [Proposed] Preliminary Approval Order attached hereto as **Exhibit 2**. The [Proposed] Preliminary Approval Order shall include approval of the form of notice to be provided to Settlement Class Members.

## 4.     CLASS NOTICE AND OBJECTIONS

4.1     Notice shall be disseminated pursuant to the Court's Preliminary Approval Order.

4.2     The Settlement Administrator is responsible for distributing and disseminating the Notice in accordance with the Notice Plan, attached hereto as **Exhibit 3**.

4.3     Facebook shall provide the Settlement Administrator with the names and last known email addresses provided by Settlement Class Members to Facebook, to the extent reasonably available, no later than ten (10) Business Days after the date on which the Court enters the Preliminary Approval Order. For any Settlement Class Member who has not provided Facebook with an email address, Facebook shall instead provide the Settlement Administrator with the names and last known phone number provided by such Settlement Class Member to Facebook, to the extent reasonably available, no later than ten (10) Business Days after the date on which the Court enters the Preliminary Approval Order. Facebook shall also cooperate with the Settlement Administrator to assist in verifying the identity of putative Settlement Class Members to whom emailed notice is not sent, but who respond to either publication notice and/or the Settlement Website.

4.4     Class Counsel shall provide the Settlement Administrator with the names and last known email addresses of the Settlement Class Representative and any other putative Class Member who has reported updated identifying information to Class Counsel, no later than five (5) Business Days after the date on which the Court enters the Preliminary Approval Order.

4.5     Because this Settlement Agreement is reached under Fed. R. Civ. P. 23(b)(2) only, Settlement Class Members may not exclude themselves from the Settlement. Any Settlement Class Member may object to this Settlement Agreement by filing a valid objection pursuant to Section 4.6 of this Settlement Agreement.

4.6     The Notice shall explain the procedure for Settlement Class Members to object to the Settlement by submitting written objections to the Court, the Settlement Administrator, and Class Counsel no later than sixty (60) calendar days after the Notice Date.  The written objection must include the objector's name, address, personal signature, a statement of grounds for the objection, a statement indicating the basis for the objector's belief that he or she is a Member of the Settlement Class (to the extent the objector did not receive Notice), a statement identifying the number of class action settlements objected to by the Settlement Class Member in the last three years, a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and if through counsel, identifying counsel by name, address, and telephone number.  In addition to the foregoing, if the Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Approval Hearing, the written objection must include a detailed statement of the specific legal and factual basis for each and every objection and a detailed description of any and all evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, including copies of any and all exhibits that the objecting Settlement Class Member may introduce at the Final Approval Hearing.  The Notice will also state that any Settlement Class Member who does not file a timely and adequate notice of intent in accordance with this Section waives the right to object or to be heard at the Final Approval Hearing.

4.7     Facebook will serve the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, no later than ten (10) days after this Agreement is filed with the Court.

## 5.     DUTIES OF SETTLEMENT ADMINISTRATION

5.1     The Settlement Administrator shall perform the functions specified in this Agreement and **Exhibit 1**, which include:

(a)     Obtaining from Facebook, pursuant to Section 4.3, the names and last known email addresses, to the extent reasonably available, of Settlement Class Members for the purpose of sending email Notice to Settlement Class Members;

-8-

(b)     For Settlement Class Members for whom Facebook does not have reasonably available email addresses, obtaining from Facebook, pursuant to Section 4.3, the names and last known phone numbers, to the extent reasonably available, of such Settlement Class Members for the purpose of sending Notice to Settlement Class Members;

(c)     Obtaining updated email addresses for Settlement Class Members via reverse phone look-ups, as needed;

(d)     To the extent any individuals to whom email notice is not sent respond to either publication notice and/or the Settlement Website, obtaining information from Facebook, pursuant to Section 4.3,  to the extent reasonably available, necessary to establish a reasonably practical procedure to verify the identities of such putative Settlement Class Members;

(e)     Effectuating the Notice Plan in accordance with the procedures set forth in Section 4, including the operation of social media campaigns and internet banner advertisements;

(f)     Establishing and maintaining a post office box for mailed written objections to the Settlement;

(g)     Establishing and maintaining the Settlement Website;

(h)     Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

(i)     Responding to any mailed or emailed Settlement Class Member inquiries;

(j)     Mailing to Settlement Class Members who request paper copies of the Notice Form;

(k)     Providing weekly reports and, no later than ten (10) days after the deadline for Settlement Class Members to object to the Settlement, provide a final report to Class Counsel and Facebook's counsel that summarizes the number of inquiries from the Class and that status of the implementation of the Notice Plan, and other pertinent information as requested by Class Counsel and Facebook's counsel;

(l)     In advance of the Final Approval Hearing, preparing affidavits to submit to the Court that attest to implementation of the Notice Plan in accordance with the Preliminary Approval Order;

(m)     Performing any function related to Settlement administration at the agreed-upon instruction of both Class Counsel and Facebook's counsel.

2634196 v1

5.2     The Administrative Expenses incurred by the Settlement Administrator shall be paid by Facebook.

**6.     SERVICE AWARD**

6.1     The Parties agree that Settlement Class Representative and Class Counsel may seek a Service Award to the Settlement Class Representative not to exceed $5,000. Any requests for such an award must be filed at least 20 days before the deadline for filing objections to the Settlement.

6.2     Facebook shall pay the Service Award approved by the Court to the Settlement Class Representative. The Service Award shall be paid in the amount approved by the Court within thirty (30) Business Days of the later of the Effective Date or the date on which the Settlement Class Representative and/or Class Counsel has provided Facebook with all information and documentation reasonably necessary for Facebook to process the payment, including but not limited to wire or other payment instructions, tax identification number, and a completed Form W-9.

6.3     In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for cancellation or termination of this Agreement.

**7.     ATTORNEYS' FEES, COSTS, AND EXPENSES**

7.1     Facebook agrees that Class Counsel is entitled to an award of reasonable attorneys' fees, costs, and expenses.

7.2     The Parties agree that Class Counsel may file a motion for an award of attorneys' fees, costs, and expenses, which Facebook may oppose. Nothing in this section shall restrict or otherwise limit Facebook's ability to object to the reasonableness of those attorneys' fees, costs, and expenses.

7.3     The motion for attorneys' fees, costs, and expenses must be filed at least 20 days before the deadline for filing objections to the Settlement.

7.4     Facebook shall pay the attorneys' fees, costs, and expenses awarded by the Court to Class Counsel. Such attorneys' fees, costs, and expenses shall be paid in the amount approved by the Court within thirty (30) Business Days of the later of: (a) the date the Court enters its order awarding such attorneys' fees, costs, and expenses; or (b) the date on which Class Counsel has provided Facebook with all information and documentation reasonably necessary for Facebook to process the payment, including but not limited to wire or other payment instructions, tax identification number(s), and completed Form(s) W-9.

7.5   In the event the Court's Final Order approving attorneys' fees, costs, and expenses is reversed, vacated, or modified on motion for reconsideration, or on appeal such that the amount of attorneys' fees, costs, and expenses are reduced or the Settlement is not approved as set forth in this Agreement, Class Counsel shall be liable to refund the excess award previously paid within ten (10) Business Days of the event that results in reduction of the award.

7.6   Facebook shall have no responsibility for, interest in, or liability whatsoever with respect to any allocation among Class Counsel of attorneys' fees, costs, and expenses awarded by the Court.

7.7   The finality or effectiveness of the Settlement will not be dependent on the Court awarding Class Counsel any particular amount of attorneys' fees, costs, and expenses.  In the event the Court declines to approve, in whole or in part, the payment of the attorneys' fees, costs, and expenses in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of attorneys' fees, costs, and expenses shall constitute grounds for cancellation or termination of this Agreement.

## 8.   MUTUAL RELEASES

8.1   Pursuant to Section 4 of the Court's Class Settlement Order, the Parties agree that because this Settlement concerns only injunctive relief under Fed. R. Civ. P. 23(b)(2), and does not affect or otherwise impair an individual from pursuing monetary damages (except as provided in Section 8.3), the releases in this Settlement shall extinguish injunctive claims for all Settlement Class Members.

8.2   As of the Effective Date, the Settlement Class Representative and all Settlement Class Members, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all claims for injunctive and declaratory relief, including Unknown Claims, against Facebook (and its respective agents, directors, officers, attorneys and employees acting on its behalf) and agree to refrain from instituting, directing or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party against Facebook that relates in any way to the claims for injunctive or declaratory relief made in the above-captioned matter.

8.3   As of the Effective Date, Adkins, on behalf of himself, his heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on his behalf, additionally releases all claims for monetary damages, including Unknown Claims, against Facebook (and its respective agents, directors, officers, attorneys and employees acting on its behalf) and agrees to refrain from instituting, directing or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous

-11-

proceeding, or adversary proceeding by a third party against Facebook that relates in any way to the allegations made in the above-captioned matter.

8.4     As of the Effective Date, Facebook, as well as its respective agents, directors, officers, attorneys, and employees, affiliates, parents, subsidiaries, divisions, successors, assigns, releases all claims for any damages or other relief, including Unknown Claims, against the Settlement Class Representative, his counsel, Lead Settlement Counsel and their heirs, assigns, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf, and agrees to refrain from instituting, directing, or maintaining any contest matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party against the Settlement Class Representative, his counsel, Lead Settlement Counsel and their heirs, assigns, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf.

8.5     The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts, and agrees that this Agreement shall remain effective notwithstanding such difference in facts.  The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises or representations made by anyone other than those embodied herein.

8.6     Notwithstanding any other provision of this Agreement (including, without limitation, this Section), nothing in this Agreement shall be deemed to in any way impair, limit, or preclude the Parties' rights to enforce any provision of this Agreement, or any court order implementing this Agreement, in a manner consistent with the terms of this Agreement.

## 9.     EFFECTIVE DATE AND TERMINATION

9.1     The Effective Date of the Settlement shall be the first Business Day after all of the following conditions have occurred:

(a)     Facebook and Class Counsel execute this Agreement;

(b)     The Court enters the Preliminary Approval Order, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as **Exhibit 2**;

(c)     Notice is provided to the Settlement Class consistent with the Preliminary Approval Order;

(d)     The Court enters the Final Approval Order and Judgment, without material change to the Parties' agreed-upon proposed final approval order and judgment attached hereto as **Exhibit 5**; and

-12-

(e)     The Final Approval Order and Judgment has become final because: (i) the time for appeal, petition, rehearing or other review has expired; or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

9.2     In the event that the Court declines to enter the Preliminary Approval Order as specified in Section 1.19, declines to enter the Final Approval Order and Judgment as specified in Section 1.14, or the Final Approval Order and Judgment does not become final as specified in Section 1.14 , Facebook may at its sole discretion terminate this Agreement on five (5) Business Days written notice from counsel for Facebook to Class Counsel.  For avoidance of doubt, Facebook may not terminate this Agreement while an appeal from an order granting final approval is pending.

9.3     In the event the terms or conditions of this Settlement Agreement are materially modified by any court, any Party in its sole discretion to be exercised within fourteen (14) days after such modification may declare this Settlement Agreement null and void. For purposes of this Section 9.3, modifications include any modifications to the definitions of the Settlement Class, or Released Claims, any modifications to the terms of the Settlement consideration described in Section 2 and/or Exhibit 1, and/or any requirement of notice to the Settlement Class.  In the event of a material modification by any court, and in the event the Parties do not exercise their unilateral options to withdraw from this Settlement Agreement pursuant to this Section 9.3, the Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification.

9.4     Except as otherwise provided herein, in the event the Settlement is terminated, the Parties to this Agreement, including Settlement Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.  In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

## 10.    NO ADMISSION OF WRONGDOING OR LIABILITY

10.1    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:

(a)     shall not be offered or received against Facebook as evidence of or construed as or deemed to be evidence of any presumption, concession, or

-13-

admission by Facebook with respect to the truth of any fact alleged by any Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Facebook;

(b)     shall not be offered or received against Facebook as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Facebook;

(c)     shall not be offered or received against Facebook as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against Facebook, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against Facebook as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been awarded after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against the Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Facebook have any merit.

## 11.    REPRESENTATIONS

11.1    Each Party represents that: (i) such Party has full legal right, power and authority to enter into and perform this Agreement, subject to Court approval; (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party; (iii) this Agreement constitutes a valid, binding and enforceable agreement; and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

## 12.    NOTICE

12.1    All notices to Class Counsel provided for in this Agreement shall be sent by email and First Class mail to the following:

John A. Yanchunis
MORGAN & MORGAN
COMPLEX LITIGATION GROUP

-14-

2634196 v1

201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
jyanchunis@ForThePeople.com

Ariana J. Tadler
TADLER LAW LLP
One Penn Plaza
New York, NY 10119
atadler@tadlerlaw.com

Andrew N. Friedman
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Suite 500
Washington, D.C. 20005
afriedman@cohenmilstein.com

12.2    All notices to Facebook or counsel to Facebook provided for in this Agreement
shall be sent by email and First Class mail to the following:

Andrew B. Clubok
Andrew.clubok@lw.com
Susan E. Engel
Susan.engel@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004

Elizabeth L. Deeley
Elizabeth.deeley@lw.com
Michael H. Rubin
Michael.rubin@lw.com
Melanie M. Blunschi
Melanie.blunschi@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Serrin Turner
Serrin.turner@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022

12.3    All notices to the Settlement Administrator provided for in this Agreement shall be
sent by email and First Class mail to the following:

Angeion Group

-15-

1650 Arch Street, #2210
Philadelphia, PA 19103

12.4   The notice recipients and addresses designated in this Section may be changed by written notice.

## 13.   CONFIDENTIALITY

13.1   <u>Confidentiality</u>.  The Parties agree to keep confidential any matters relating to the discussions leading to the Parties' Settlement Agreement, and not to disclose such matters to any other person or entity, except Experts subject to the confidentiality order in this matter, or as may be required in order to obtain approval for the Settlement Agreement or to comply with an order of a court of competent jurisdiction, or any direction from a regulatory agency.

13.2   <u>Limitations on Use</u>.  Each Party agrees that all information and materials received from the other Party in the course of this matter—including all document productions, discovery responses, testimony, and expert reports—may only be used for prosecuting, defending, attempting to settle, and/or settling this litigation and shall be destroyed in accordance with Section 15 of the Stipulated Protective Order in this matter, as ordered.

## 14.   MISCELLANEOUS PROVISIONS

14.1   <u>Further Steps and Best Efforts</u>.  The Parties agree to cooperate in good faith and use their best efforts to effectuate all their respective obligations under the Agreement and to undertake any required steps to effectuate the purposes and intent of this Agreement, including obtaining preliminary and final settlement approval, and all steps that may be necessary in order to reach the Effective Date, and to do so as quickly and efficiently as practicable.

14.2   <u>Representation by Counsel</u>.  The Settlement Class Representative and Facebook represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

14.3   <u>Contractual Agreement</u>.  The Parties understand and agree that all terms of this Agreement, including the Exhibits thereto, are contractual and are not a mere recital, and each signatory warrants that he, she, or it is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that they or it represents.

14.4   <u>Integration</u>.  This Agreement constitutes the entire agreement among the Parties and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

-16-

14.5   <u>Communications with Settlement Class Members</u>.  Facebook reserves the right to continue any and all ordinary-course-of-business communications with Settlement Class Members.   Should it become evident in the course of any such communication with Facebook that a Settlement Class Member is inquiring regarding the settlement memorialized in this Agreement, Facebook shall refer the inquiry to Class Counsel.

14.6   <u>Authorization to Enter Agreement</u>.  The Parties warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement, to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Settlement Class Representative further warrants and represents that he has not designated, hypothecated, transferred, or otherwise granted any interest in the Released Claims to any other person or entity.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the Settlement embodied in this Agreement, the Parties shall mediate the disagreement before Judge Joseph C. Spero.  The Parties shall not seek the Court's intervention until they have exhausted the mediation process.

14.7   <u>No Additional Persons with Financial Interest</u>.  Facebook shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member, other than what is expressly provided for in this Agreement.

14.8   <u>Drafting</u>.  The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentum*.  This Settlement Agreement is a collaborative effort of the Parties and their attorneys that was negotiated on an arm's-length basis between parties of equal bargaining power.  Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties.  The Parties expressly waive the presumption of California Civil Code section 1654 that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

14.9   <u>Waiver of Objections by Settlement Class Representative</u>.  The Settlement Class Representative agrees not to object to any of the terms of this Agreement.

14.10   <u>Modification or Amendment</u>.  This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Persons who executed this Agreement or their successors-in-interest.

14.11   <u>Waiver</u>.  The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the

-17-

performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.12   <u>Severability</u>.  Should any part, term or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

14.13   <u>Successors</u>.  This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties thereto.

14.14   <u>Survival</u>.  The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

14.15   <u>Governing Law</u>.  All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of California, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

14.16   <u>Interpretation</u>.

    (a)   Definitions apply to the singular and plural forms of each term defined.

    (b)   Definitions apply to the masculine, feminine, and neuter genders of each term defined.

    (c)   Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.17   <u>No Precedential Value</u>.  The Parties agree and acknowledge that this Agreement carries no precedential value.

14.18   <u>Fair & Reasonable</u>.  The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of arm's-length negotiations.

14.19   <u>Retention of Jurisdiction</u>.  The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

14.20   <u>Headings</u>.  Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

14.21   <u>Exhibits</u>.  The Exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

14.22   <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

14.23   <u>Facsimile and Electronic Mail</u>.  Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

14.24   <u>No Assignment</u>.  Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.

14.25   <u>Non-Disparagement</u>.  Settlement Class Representative, Facebook, and the Parties' respective counsel may issue press releases in connection with filings in this matter. Settlement Class Representative, Facebook, and the Parties' respective counsel agree not to make any statements, written or verbal, or to cause or encourage any other Person to make any statements, written or oral, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of the Parties and their respective counsel concerning all Released Claims, as well as the litigation of this Action, the Settlement, this Agreement, and any discussions, interactions, or negotiations of the Settlement by the Parties and their counsel.

14.26   <u>Compliance with Ethical Obligations</u>.  Settlement Class Representative, Class Counsel, Facebook, and Facebook's counsel agree that, throughout the course of the Action, each of them complied with the provisions of Rule 11 of the Federal Rules of Civil Procedure.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:

LEAD SETTLEMENT CLASS COUNSEL ON BEHALF OF THE SETTLEMENT CLASS

   /s/Andrew N. Friedman
John A. Yanchunis (Pro Hac Vice)
MORGAN & MORGAN COMPLEX
LITIGATION GROUP
*jyanchunis@ForThePeople.com*
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: +1.813.223.5505
Facsimile: +1.813.223.5402

-19-

COHEN MILSTEIN SELLERS & TOLL PLLC
Andrew N. Friedman (Pro Hac Vice)
*AFriedman@CohenMilstein.com*
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Telephone: +1.202.408.4600
Facsimile: +1.202.408.4699

TADLER LAW, LLP
Ariana J. Tadler (Pro Hac Vice)
*atadler@tadlerlaw.com*
One Penn Plaza
New York, NY 10119
Telephone: +1.212.946.9453
Facsimile: +1.212.273.4375


DEFENSE COUNSEL, ON BEHALF OF FACEBOOK, INC.


/s/ Andrew B. Clubok
Andrew B. Clubok (appearance *pro hac vice*)
LATHAM & WATKINS LLP
*andrew.clubok@lw.com*
Susan E. Engel (appearance *pro hac vice*)
*susan.engel@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
T:  +1.202.637.2200/F:  +1.202.637.2201

Elizabeth L. Deeley (CA Bar No. 230798)
*elizabeth.deeley@lw.com*
Michael H. Rubin (CA Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (CA Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
T:  +1.415.391.0600/F:  +1.415.395.8095

Serrin Turner (appearance *pro hac vice*)
*serrin.turner@lw.com*
885 Third Avenue
New York, NY  10022-4834
T:  +1.212.906.1200/F:  +1.212.751.4864

-20-

2634196 v1

COUNSEL FOR FACEBOOK, INC.


/s/ Ian Chen
Ian Chen

2634196 v1