# Exhibit A

to Plaintiff's Motion for Final Approval of Settlement

# **<u>REDACTED</u>**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STEPHEN ADKINS, an individual and Michigan resident, on behalf of himself and all others similarly situated, <br><br>                   Plaintiff, <br><br>     v. <br><br> FACEBOOK, INC., <br><br>                 Defendant. | No.  C 18-05982 WHA (JSC) <br><br> The Honorable William Alsup |

**<u>AMENDED SETTLEMENT AGREEMENT AND RELEASE</u>**

## Table of Contents

**Settlement Agreement and Release** ..................................................................................1

**Recitals** ......................................................................................................................1

    1.  Definitions ...........................................................................................................3

    2.  Security Commitments ........................................................................................6

    3.  Preliminary Approval .........................................................................................7

    4.  Class Notice and Objections ...............................................................................7

    5.  Duties of Settlement Administration ...................................................................8

    6.  Service Award .....................................................................................................9

    7.  Attorneys' Fees, Costs, and Expenses ...............................................................10

    8.  Mutual Releases ................................................................................................11

    9.  Effective Date and Termination ........................................................................12

    10. No Admission of Wrongdoing or Liability .......................................................13

    11. Representations ................................................................................................14

    12. Notice ..............................................................................................................14

    13. Confidentiality .................................................................................................16

    14. Miscellaneous Provisions ................................................................................16

**Exhibit List**

Security Commitments............................................................................. Exhibit 1

[Proposed] Preliminary Approval Order.................................................... Exhibit 2

Notice Plan (Declaration of Steven Weisbrot)......................................... Exhibit 3

    Long Form Notice .............................................................................. Exhibit 4a

    Short Form Notice ............................................................................. Exhibit 4b

[Proposed] Final Approval Order and Judgment ...................................... Exhibit 5

## AMENDED SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is made as of March 26, 2020, by and between, as hereinafter defined, (a) Settlement Class Representative Stephen Adkins (hereinafter "Adkins"), on behalf of himself and the Settlement Class, and (b) Defendant Facebook, Inc. (hereinafter "Facebook"), collectively, the "Parties." This Agreement fully and finally resolves and settles any and all claims that are, were, or could have been asserted in the litigation styled *Adkins, et al. v. Facebook, Inc.*, Case No. C 18-05982 WHA (JSC).

## RECITALS

WHEREAS, on September 28, 2018, Facebook announced that it had been the target of a criminal cyberattack in which the attackers exploited a vulnerability in the Facebook website (the "Vulnerability") to gain unauthorized access to user access tokens (the "Attack").

WHEREAS, as a result of the Attack, 11 lawsuits were filed against Facebook, alleging that Facebook had inadequate data security and failed to properly safeguard users' accounts.

WHEREAS, those actions were consolidated before the Honorable William Alsup in the United States District Court for the Northern District of California.

WHEREAS, on January 9, 2019, pursuant to the Court's invitation to counsel to conduct a public tutorial on the information generally related to this case, including subjects of data privacy and the technology used to both protect and attack it, the Parties made expert presentations to the Court on the requested subjects.

WHEREAS, on February 7, 2019, five named plaintiffs filed a consolidated class action complaint.

WHEREAS, on February 14, 2019, the Court appointed John Yanchunis of Morgan & Morgan Complex Litigation Group, Ariana Tadler of Milberg Tadler Phillips Grossman LLP (subsequently of Tadler Law LLP), and Andrew Friedman of Cohen Milstein Sellers & Toll, PLLC as Interim Lead Counsel, representing then-Plaintiffs and putative class Members ("Interim Class Counsel").

WHEREAS, on March 14, 2019, Facebook moved to dismiss the consolidated class action complaint.

WHEREAS, on May 30, 2019, three of the five named plaintiffs voluntarily dismissed their claims without prejudice to participating in a class recovery, if any.

WHEREAS, on June 21, 2019, the Court granted in part and denied in part Facebook's motion to dismiss the consolidated class action complaint, dismissing one plaintiff for lack of standing and dismissing seven of the ten claims alleged by remaining plaintiff Adkins.

WHEREAS, on July 18, 2019, Interim Class Counsel filed a motion for leave to amend plaintiff Adkins's claims, which was granted in part and denied in part on August 9, 2019.

WHEREAS, on August 16, 2019, Interim Class Counsel filed an Amended Consolidated Class Action Complaint on behalf of Adkins and the putative class.

WHEREAS, on August 29, 2019, Interim Class Counsel filed a motion for class certification ("Class Certification Motion") pursuant to Federal Rule of Civil Procedure 23.

WHEREAS, on November 26, 2019, the Court granted in part and denied in part the Class Certification Motion, certifying only an injunctive class under Rule 23(b)(2). The Court also appointed John Yanchunis of Morgan & Morgan Complex Litigation Group, Ariana Tadler of Tadler Law LLP, and Andrew Friedman of Cohen Milstein Sellers & Toll, PLLC as class counsel ("Class Counsel").

WHEREAS, pursuant to the Court's Notice and Order Re Putative Class Actions and Factors to be Evaluated for Any Proposed Class Settlement ("Class Settlement Order"), counsel for the Parties did not discuss settlement prior to class certification, and only began engaging in settlement discussions after extensive discovery on the merits and the Court's order certifying the injunctive relief class under Rule 23(b)(2).

WHEREAS, on January 6, 2020, the Court granted the Parties' joint motion to limit the definition of the certified class and certified the class as follows: "All current Facebook users residing in the United States whose personal information was compromised in the data breach announced by Facebook on September 28, 2018" (the "Class").

WHEREAS, the Parties engaged in extensive fact and expert discovery over the course of the above-captioned litigation. Class Counsel have expended significant time investigating the facts relating to the Attack with the assistance of experts in cybersecurity and identity theft, analyzing the evidence adduced during pretrial discovery, researching the applicable law with respect to Plaintiff's claims against Facebook and the potential defenses thereto, including the motions described above, reviewing 139,000 pages of documents, taking fourteen (14) percipient witness and 30(b)(6) depositions, defending six named Plaintiff depositions, and defending four expert depositions.

WHEREAS, the Parties engaged in an arm's-length, in-person mediation session in San Francisco on January 8, 2020, facilitated by the Honorable Joseph C. Spero (the "Mediator").

WHEREAS, following the January 8, 2020 settlement conference, the Parties also engaged in additional communications in furtherance of settlement, including the negotiation and finalization of a proposed notice plan and settlement term sheet.

WHEREAS, Facebook denies any wrongdoing whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Facebook with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, any infirmity in the defenses that Facebook has asserted or would assert, or any requirements of Federal Rule of Civil Procedure 23 or Cal. Civ. P. Code § 382 or whether Plaintiff satisfies those requirements.

WHEREAS, based upon their substantial investigation and pretrial discovery as set forth above, Class Counsel have concluded that the terms and conditions of this Agreement are fair,

reasonable and adequate to Settlement Class Representative and Settlement Class Members (defined below) and are in their best interests, and have agreed to settle the claims that were asserted or could have been asserted in the above-captioned litigation pursuant to the terms and provisions of this Agreement after considering: (a) the substantial benefits that Settlement Class Members will receive from the Settlement; (b) the uncertain outcome and attendant risks of litigation; (c) the delays inherent in litigation; and (d) the desirability of permitting the settlement of this litigation to be consummated as provided by the terms of this Agreement.

WHEREAS, it is the intention of the Parties to resolve the disputes and claims which they have between them on the terms set forth below.

NOW, THEREFORE, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree, as follows:

## 1.   DEFINITIONS

As used in this Agreement, the following terms shall be defined as follows:

1.1     "Action" means the consolidated action captioned *Adkins, et al. v. Facebook, Inc.*, Case No. C 18-05982 WHA (JSC), pending in the United States District Court for the Northern District of California.

1.2     The Action is presided over by Judge William Alsup of the Northern District of California (hereinafter the "Court").

1.3     "Settlement Class Representative" means Stephen Adkins, an individual and Michigan resident, who brings the above-captioned class action on behalf of himself and the Class (hereinafter "Settlement Class Members").

1.4     "Facebook" is a company incorporated in Delaware, with its principal place of business in Menlo Park, California.

1.5     "Adkins" and "Facebook" are each individually referred to herein as a "Party." "Parties" means the Settlement Class Representative, on behalf himself and the Settlement Class, and Facebook.

1.6     "Class Counsel" and "Lead Settlement Class Counsel" mean John Yanchunis of Morgan & Morgan Complex Litigation Group, Ariana Tadler of Tadler Law LLP, and Andrew Friedman of Cohen Milstein Sellers & Toll PLLC.

1.7     The "Attack" refers to the cybersecurity attack on Facebook announced on September 28, 2018, that is the subject of the above-captioned lawsuit.

1.8     The "Vulnerability" refers to the vulnerability in the Facebook website that was used to perpetrate the Attack.

1.9     "Administrative Expenses" means all of the expenses incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses or costs associated with the Notice Plan and providing Notice to the Settlement Class.    Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

1.10    "Agreement" or "Settlement Agreement" means this Settlement Agreement, including all exhibits.

1.11    "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

1.12    "Effective Date" means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in Section 9.1.

1.13    The term "Expert" has the same meaning as defined in Section 2.6 of the March 25, 2019 Protective Order filed in this matter.

1.14    "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement and dismisses the claims against Facebook with prejudice and without material change to the Parties' agreed-upon proposed final approval order and judgment attached hereto as Exhibit 5.

1.15    "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

1.16    "Notice" means notice of the proposed class action settlement to be provided to Settlement Class Members pursuant to the Notice Plan approved by the Court in connection with preliminary approval of the Settlement, substantially in the forms attached hereto as Exhibits 4a and 4b.

1.17    "Notice Plan" means the settlement notice program developed by the Settlement Administrator substantially in the form attached hereto as Exhibit 3, as approved by the Court.

1.18    "Notice Date" means forty-five (45) days after the Preliminary Approval Order when notice is to be disseminated to the Class.

1.19    "Preliminary Approval Order" means an order by the Court that preliminarily approves the Settlement (including but not limited to the forms and procedure for providing Notice to the Settlement Class), permits Notice to the proposed Settlement Class, establishes a procedure for Settlement Class Members to object to the Settlement, and sets a date for the Final Approval Hearing, without material

change to the Parties' agreed-upon proposed preliminary approval order attached hereto as Exhibit 2.

1.20    "Released Claim" means any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fee and cost, action or cause of action, of every kind or description—whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that is released pursuant to the mutual releases set forth in Section 8.

1.21    "Service Award" means the amount awarded and paid to the Settlement Class Representative in recognition of his role in this litigation, as set forth in Section 6.1.

1.22    "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.23    "Settlement Administrator" means Angeion Group.  Class Counsel and Facebook may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

1.24    "Settlement Class" or "Class" means those Persons certified as a class under Federal Rule of Civil Procedure 23(b)(2), from which exclusions shall not be permitted, consisting of all current Facebook users residing in the United States whose personal information was compromised in the Attack; provided, however, that the following are excluded from the Settlement Class: (i) Facebook's officers, directors, legal representatives, successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

1.25    "Settlement Website" means a website established by the Settlement Administrator to provide information about the Settlement.  At a minimum, the following information shall be posted on the Settlement Website: (i) a copy of the redacted version of the Amended Consolidated Class Action Complaint publicly available through PACER; (ii) Plaintiff's Motion for Preliminary Approval of Class Action Settlement; (iii) Notice; and, (iv) after filing, Plaintiff's Motion for Attorneys' Fees, Expenses, the Service Award, and Plaintiff's Motion for Final Approval of the Settlement.  The Settlement Website, in addition to being in English, will contain translations in Spanish.

1.26    "Unknown Claims" means any and all Released Claims that Facebook or Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his, her, or its favor as of the Effective Date and which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Facebook, Settlement Class Representative and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state of the United

States, or principle of common law or otherwise, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settlement Class Representative and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## 2. SECURITY COMMITMENTS

2.1     Facebook shall certify, to a reasonable degree of certainty, that the Vulnerability exploited in the Attack has been eliminated, that it is no longer possible to generate access tokens in the manner that was done in the Attack, and that all access tokens generated through the Vulnerability have been invalidated.

2.2     Facebook shall adopt, implement, and/or maintain the security commitments designed to prevent similar attacks set forth in **Exhibit 1**, attached hereto, for a period of five years from the Effective Date.

2.3     Following the Effective Date, Facebook's compliance with the agreed-upon security commitments set forth in **Exhibit 1** shall be assessed annually by an unbiased, independent third-party vendor selected by Facebook, subject to agreement by Lead Settlement Counsel, which will not be unreasonably withheld. Facebook shall provide Lead Settlement Counsel with the results of the annual third-party assessments on a confidential basis within 30 days of completion of each assessment. Counsel shall serve an unredacted copy of the assessment to Judge Alsup's Chambers and also file the assessment with the Court, with proposed redactions to protect confidential information and a supporting declaration providing the basis for the proposed redactions, in accordance with N.D. Cal. Local Rule 79-5.  Lead Settlement Counsel may share the unredacted results of the annual third-party assessment, on a confidential basis, with a third-party Expert of their choosing (subject to approval by Facebook, which will not be unreasonably withheld), at their own expense, to verify Facebook's compliance with the terms in this Section 2.3.

2.4    To the extent permitted by the Court, **Exhibit 1** shall be filed under seal because it contains sensitive information about Facebook's cybersecurity practices that could harm Facebook, current users, and Settlement Class Members if made public. The Parties agree to keep confidential any matters relating to the security commitments described in **Exhibit 1** to the extent it is filed under seal, and not to disclose such matters to any other person or entity, pursuant to section 13.1 of the Parties' Settlement Agreement.

2.5    The Parties acknowledge that technical requirements for securing a large online service evolve and change dynamically.  In the event that technological or industry developments, or intervening changes in law render any of the provisions set forth herein obsolete or make compliance by Facebook with any provision unreasonable or technically impractical, Facebook will provide notice to Class Counsel within ten (10) days and propose a modification thereof.  If the Parties reach a mutual agreement that the elimination or modification of a provision is appropriate, they may jointly petition the Court to eliminate or modify such provision.  If the Parties fail to reach an agreement, Facebook may petition the Court to eliminate or modify such provision.  Under any circumstances, to the extent Class Counsel believe that Facebook is not complying with any of the provisions noted in this section, they will first meet and confer with Facebook under the Local Rules for the Northern District of California prior to seeking relief from the Court.

## 3.    PRELIMINARY APPROVAL

3.1    By noon on March 26, 2020, Settlement Class Representative and Class Counsel will file a motion for preliminary approval of the Settlement and Notice Plan with the Court.

3.2    Class Counsel shall apply to the Court for entry of the [Proposed] Preliminary Approval Order attached hereto as **Exhibit 2**.  The [Proposed] Preliminary Approval Order shall include approval of the form of notice to be provided to Settlement Class Members.

## 4.    CLASS NOTICE AND OBJECTIONS

4.1    Notice shall be disseminated pursuant to the Court's Preliminary Approval Order.

4.2    The Settlement Administrator is responsible for distributing and disseminating the Notice in accordance with the Notice Plan, attached hereto as **Exhibit 3**.

4.3    Facebook shall provide the Settlement Administrator with the names and last known email addresses provided by Settlement Class Members to Facebook, to the extent reasonably available, no later than ten (10) Business Days after the date on which the Court enters the Preliminary Approval Order.  For any Settlement Class Member who has not provided Facebook with an email address, Facebook shall instead provide the Settlement Administrator with the names and last known phone number provided by such Settlement Class Member to Facebook, to the extent reasonably available, no later than ten (10) Business Days after the date on which

the Court enters the Preliminary Approval Order.  Facebook shall also cooperate with the Settlement Administrator to assist in verifying the identity of putative Settlement Class Members to whom emailed notice is not sent, but who respond to either publication notice and/or the Settlement Website.

4.4     Class Counsel shall provide the Settlement Administrator with the names and last known email addresses of the Settlement Class Representative and any other putative Class Member who has reported updated identifying information to Class Counsel, no later than five (5) Business Days after the date on which the Court enters the Preliminary Approval Order.

4.5     Because this Settlement Agreement is reached under Fed. R. Civ. P. 23(b)(2) only, Settlement Class Members may not exclude themselves from the Settlement. Any Settlement Class Member may object to this Settlement Agreement by filing a valid objection pursuant to Section 4.6 of this Settlement Agreement.

4.6     The Notice shall explain the procedure for Settlement Class Members to object to the Settlement by submitting written objections to the Court, the Settlement Administrator, and Class Counsel no later than sixty-eight (68) calendar days after the Notice Date.  The written objection must include the objector's full name, mailing address, email address or telephone number, an identification of the case name and number (*Adkins v. Facebook,* No. C 18—5982 WHA) (N.D. Cal.), an explanation of why the objector believes he or she is a Settlement Class Member (to the extent the objector did not receive Notice), and a statement of the reasons or basis for the objection.

4.7     Facebook will serve the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, no later than ten (10) days after this Agreement is filed with the Court.

## 5.     DUTIES OF SETTLEMENT ADMINISTRATION

5.1     The Settlement Administrator shall perform the functions specified in this Agreement and **Exhibit 1**, which include:

(a)     Obtaining from Facebook, pursuant to Section 4.3, the names and last known email addresses, to the extent reasonably available, of Settlement Class Members for the purpose of sending email Notice to Settlement Class Members;

(b)     For Settlement Class Members for whom Facebook does not have reasonably available email addresses, obtaining from Facebook, pursuant to Section 4.3, the names and last known phone numbers, to the extent reasonably available, of such Settlement Class Members for the purpose of sending Notice to Settlement Class Members;

(c)     Obtaining updated email addresses for Settlement Class Members via reverse phone look-ups, as needed;

(d)     To the extent any individuals to whom email notice is not sent respond to either publication notice and/or the Settlement Website, obtaining information from Facebook, pursuant to Section 4.3,  to the extent reasonably available, necessary to establish a reasonably practical procedure to verify the identities of such putative Settlement Class Members;

(e)     Effectuating the Notice Plan in accordance with the procedures set forth in Section 4, including the operation of social media campaigns and internet banner advertisements;

(f)     Establishing and maintaining a post office box for mailed written objections to the Settlement;

(g)     Establishing and maintaining the Settlement Website;

(h)     Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

(i)     Responding to any mailed or emailed Settlement Class Member inquiries;

(j)     Mailing to Settlement Class Members who request paper copies of the Notice Form;

(k)     Providing weekly reports and, no later than ten (10) days after the deadline for Settlement Class Members to object to the Settlement, provide a final report to Class Counsel and Facebook's counsel that summarizes the number of inquiries from the Class and that status of the implementation of the Notice Plan, and other pertinent information as requested by Class Counsel and Facebook's counsel;

(l)     In advance of the Final Approval Hearing, preparing affidavits to submit to the Court that attest to implementation of the Notice Plan in accordance with the Preliminary Approval Order;

(m)    Performing any function related to Settlement administration at the agreed-upon instruction of both Class Counsel and Facebook's counsel.

5.2     The Administrative Expenses incurred by the Settlement Administrator shall be paid by Facebook.

## 6.   SERVICE AWARD

6.1     The Parties agree that Settlement Class Representative and Class Counsel may seek a Service Award to the Settlement Class Representative not to exceed $5,000.  Any

requests for such an award must be filed at least 20 days before the deadline for filing objections to the Settlement.

6.2     Facebook shall pay the Service Award approved by the Court to the Settlement Class Representative. The Service Award shall be paid in the amount approved by the Court within thirty (30) Business Days of the later of the Effective Date or the date on which the Settlement Class Representative and/or Class Counsel has provided Facebook with all information and documentation reasonably necessary for Facebook to process the payment, including but not limited to wire or other payment instructions, tax identification number, and a completed Form W-9.

6.3     In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for cancellation or termination of this Agreement.

**7.     ATTORNEYS' FEES, COSTS, AND EXPENSES**

7.1     Facebook agrees that Class Counsel is entitled to an award of reasonable attorneys' fees, costs, and expenses.

7.2     The Parties agree that Class Counsel may file a motion for an award of attorneys' fees, costs, and expenses, which Facebook may oppose. Nothing in this section shall restrict or otherwise limit Facebook's ability to object to the reasonableness of those attorneys' fees, costs, and expenses.

7.3     The motion for attorneys' fees, costs, and expenses must be filed no later than 40 days after the Notice Date.

7.4     Facebook shall pay the attorneys' fees, costs, and expenses awarded by the Court to Class Counsel. Such attorneys' fees, costs, and expenses shall be paid in the amount pursuant to the schedule approved by the Court, which shall not be less than within thirty (30) Business Days of the later of: (a) the date the Court enters its order awarding such attorneys' fees, costs, and expenses; or (b) the date on which Class Counsel has provided Facebook with all information and documentation reasonably necessary for Facebook to process the payment, including but not limited to wire or other payment instructions, tax identification number(s), and completed Form(s) W-9.

7.5     In the event the Court's Final Order approving attorneys' fees, costs, and expenses is reversed, vacated, or modified on motion for reconsideration, or on appeal such that the amount of attorneys' fees, costs, and expenses are reduced or the Settlement is not approved as set forth in this Agreement, Class Counsel shall be liable to refund the excess award previously paid within ten (10) Business Days of the event that results in reduction of the award.

7.6     Facebook shall have no responsibility for, interest in, or liability whatsoever with respect to any allocation among Class Counsel of attorneys' fees, costs, and expenses awarded by the Court.

7.7     The finality or effectiveness of the Settlement will not be dependent on the Court awarding Class Counsel any particular amount of attorneys' fees, costs, and expenses.   In the event the Court declines to approve, in whole or in part, the payment of the attorneys' fees, costs, and expenses in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect.   No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of attorneys' fees, costs, and expenses shall constitute grounds for cancellation or termination of this Agreement.

## 8.     MUTUAL RELEASES

8.1     Pursuant to Section 4 of the Court's Class Settlement Order, the Parties agree that because this Settlement concerns only injunctive relief under Fed. R. Civ. P. 23(b)(2), and does not affect or otherwise impair an individual from pursuing monetary damages (except as provided in Section 8.3), the releases in this Settlement shall extinguish injunctive claims for all Settlement Class Members.

8.2     As of the Effective Date, the Settlement Class Representative and all Settlement Class Members, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all claims for injunctive and declaratory relief, including Unknown Claims, against Facebook (and its respective agents, directors, officers, attorneys and employees acting on its behalf) that relate in any way to the claims for injunctive or declaratory relief made in the above-captioned matter and agree to refrain from instituting, directing or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party against Facebook that relates in any way to the claims for injunctive or declaratory relief made in the above-captioned matter.

8.3     As of the Effective Date, Adkins, on behalf of himself, his heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on his behalf, additionally releases all claims for monetary damages, including Unknown Claims, against Facebook (and its respective agents, directors, officers, attorneys and employees acting on its behalf) that relate in any way to the claims made in the above-captioned matter and agrees to refrain from instituting, directing or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party against Facebook that relates in any way to the allegations made in the above-captioned matter.

8.4     As of the Effective Date, Facebook, as well as its respective agents, directors, officers, attorneys, and employees, affiliates, parents, subsidiaries, divisions,

successors, assigns, releases all claims for any damages or other relief, including Unknown Claims, against the Settlement Class Representative, his counsel, Lead Settlement Counsel and their heirs, assigns, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf, that relate in any way to the claims for injunctive or declaratory relief made in the above-captioned matter and agrees to refrain from instituting, directing, or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party against the Settlement Class Representative, his counsel, Lead Settlement Counsel and their heirs, assigns, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf.

8.5     The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts, and agrees that this Agreement shall remain effective notwithstanding such difference in facts.  The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises or representations made by anyone other than those embodied herein.

8.6     Notwithstanding any other provision of this Agreement (including, without limitation, this Section), nothing in this Agreement shall be deemed to in any way impair, limit, or preclude the Parties' rights to enforce any provision of this Agreement, or any court order implementing this Agreement, in a manner consistent with the terms of this Agreement.

## 9.     EFFECTIVE DATE AND TERMINATION

9.1     The Effective Date of the Settlement shall be the first Business Day after all of the following conditions have occurred:

(a)     Facebook and Class Counsel execute this Agreement;

(b)     The Court enters the Preliminary Approval Order, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as **Exhibit 2**;

(c)     Notice is provided to the Settlement Class consistent with the Preliminary Approval Order;

(d)     The Court enters the Final Approval Order and Judgment, without material change to the Parties' agreed-upon proposed final approval order and judgment attached hereto as **Exhibit 5**; and

(e)     The Final Approval Order and Judgment has become final because: (i) the time for appeal, petition, rehearing or other review has expired; or (ii) if any

appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

9.2     In the event that the Court declines to enter the Preliminary Approval Order as specified in Section 1.19, declines to enter the Final Approval Order and Judgment as specified in Section 1.14, or the Final Approval Order and Judgment does not become final as specified in Section 1.14 , Facebook may at its sole discretion terminate this Agreement on five (5) Business Days written notice from counsel for Facebook to Class Counsel.  For avoidance of doubt, Facebook may not terminate this Agreement while an appeal from an order granting final approval is pending.

9.3     In the event the terms or conditions of this Settlement Agreement are materially modified by any court, any Party in its sole discretion to be exercised within fourteen (14) days after such modification may declare this Settlement Agreement null and void. For purposes of this Section 9.3, modifications include any modifications to the definitions of the Settlement Class, or Released Claims, any modifications to the terms of the Settlement consideration described in Section 2 and/or Exhibit 1, and/or any requirement of notice to the Settlement Class.  In the event of a material modification by any court, and in the event the Parties do not exercise their unilateral options to withdraw from this Settlement Agreement pursuant to this Section 9.3, the Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification.

9.4     Except as otherwise provided herein, in the event the Settlement is terminated, the Parties to this Agreement, including Settlement Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.  In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

## 10.   NO ADMISSION OF WRONGDOING OR LIABILITY

10.1    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:

(a)     shall not be offered or received against Facebook as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Facebook with respect to the truth of any fact alleged by any Plaintiff or the validity of any claim that has been or could have been

asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Facebook;

(b)     shall not be offered or received against Facebook as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Facebook;

(c)     shall not be offered or received against Facebook as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against Facebook, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against Facebook as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been awarded after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against the Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Facebook have any merit.

## 11.     REPRESENTATIONS

11.1    Each Party represents that: (i) such Party has full legal right, power and authority to enter into and perform this Agreement, subject to Court approval; (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party; (iii) this Agreement constitutes a valid, binding and enforceable agreement; and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

## 12.     NOTICE

12.1    All notices to Class Counsel provided for in this Agreement shall be sent by email and First Class mail to the following:

John A. Yanchunis
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor

Tampa, Florida 33602
jyanchunis@ForThePeople.com

Ariana J. Tadler
TADLER LAW LLP
One Penn Plaza
New York, NY 10119
atadler@tadlerlaw.com

Andrew N. Friedman
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Suite 500
Washington, D.C. 20005
afriedman@cohenmilstein.com

12.2    All notices to Facebook or counsel to Facebook provided for in this Agreement shall be sent by email and First Class mail to the following:

Andrew B. Clubok
Andrew.clubok@lw.com
Susan E. Engel
Susan.engel@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004

Elizabeth L. Deeley
Elizabeth.deeley@lw.com
Michael H. Rubin
Michael.rubin@lw.com
Melanie M. Blunschi
Melanie.blunschi@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Serrin Turner
Serrin.turner@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022

12.3    All notices to the Settlement Administrator provided for in this Agreement shall be sent by email and First Class mail to the following:

Angeion Group
1650 Arch Street, #2210

Philadelphia, PA 19103

12.4   The notice recipients and addresses designated in this Section may be changed by written notice.

## 13.   CONFIDENTIALITY

13.1   <u>Confidentiality</u>.  The Parties agree to keep confidential any matters relating to the discussions leading to the Parties' Settlement Agreement, and not to disclose such matters to any other person or entity, except Experts subject to the confidentiality order in this matter, or as may be required in order to obtain approval for the Settlement Agreement or to comply with an order of a court of competent jurisdiction, or any direction from a regulatory agency.

13.2   <u>Limitations on Use</u>.  Each Party agrees that all information and materials received from the other Party in the course of this matter—including all document productions, discovery responses, testimony, and expert reports—may only be used for prosecuting, defending, attempting to settle, and/or settling this litigation and shall be destroyed in accordance with Section 15 of the Stipulated Protective Order in this matter, as ordered.

## 14.   MISCELLANEOUS PROVISIONS

14.1   <u>Further Steps and Best Efforts</u>.  The Parties agree to cooperate in good faith and use their best efforts to effectuate all their respective obligations under the Agreement and to undertake any required steps to effectuate the purposes and intent of this Agreement, including obtaining preliminary and final settlement approval, and all steps that may be necessary in order to reach the Effective Date, and to do so as quickly and efficiently as practicable.

14.2   <u>Representation by Counsel</u>.  The Settlement Class Representative and Facebook represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

14.3   <u>Contractual Agreement</u>.  The Parties understand and agree that all terms of this Agreement, including the Exhibits thereto, are contractual and are not a mere recital, and each signatory warrants that he, she, or it is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that they or it represents.

14.4   <u>Integration</u>.  This Agreement constitutes the entire agreement among the Parties and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

14.5    <u>Communications with Settlement Class Members</u>.  Facebook reserves the right to continue any and all ordinary-course-of-business communications with Settlement Class Members.   Should it become evident in the course of any such communication with Facebook that a Settlement Class Member is inquiring regarding the settlement memorialized in this Agreement, Facebook shall refer the inquiry to Class Counsel.

14.6    <u>Authorization to Enter Agreement</u>.  The Parties warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement, to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Settlement Class Representative further warrants and represents that he has not designated, hypothecated, transferred, or otherwise granted any interest in the Released Claims to any other person or entity.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the Settlement embodied in this Agreement, the Parties shall mediate the disagreement before Judge Joseph C. Spero.  The Parties shall not seek the Court's intervention until they have exhausted the mediation process.

14.7    <u>No Additional Persons with Financial Interest</u>.  Facebook shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member, other than what is expressly provided for in this Agreement.

14.8    <u>Drafting</u>.  The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentum*.  This Settlement Agreement is a collaborative effort of the Parties and their attorneys that was negotiated on an arm's-length basis between parties of equal bargaining power.  Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties.  The Parties expressly waive the presumption of California Civil Code section 1654 that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

14.9    <u>Waiver of Objections by Settlement Class Representative</u>.  The Settlement Class Representative agrees not to object to any of the terms of this Agreement.

14.10   <u>Modification or Amendment</u>.  This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Persons who executed this Agreement or their successors-in-interest.

14.11   <u>Waiver</u>.  The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the

performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.12   <u>Severability</u>.  Should any part, term or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

14.13   <u>Successors</u>.  This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties thereto.

14.14   <u>Survival</u>.  The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

14.15   <u>Governing Law</u>.  All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of California, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

14.16   <u>Interpretation</u>.

(a)      Definitions apply to the singular and plural forms of each term defined.

(b)      Definitions apply to the masculine, feminine, and neuter genders of each term defined.

(c)      Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.17   <u>No Precedential Value</u>.  The Parties agree and acknowledge that this Agreement carries no precedential value.

14.18   <u>Fair & Reasonable</u>.  The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of arm's-length negotiations.

14.19   <u>Retention of Jurisdiction</u>.  The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

14.20   <u>Headings</u>.  Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

14.21  <u>Exhibits</u>.  The Exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

14.22  <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

14.23  <u>Facsimile and Electronic Mail</u>.  Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

14.24  <u>No Assignment</u>.  Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.

14.25  <u>Non-Disparagement</u>.  Settlement Class Representative, Facebook, and the Parties' respective counsel may issue press releases in connection with filings in this matter. Settlement Class Representative, Facebook, and the Parties' respective counsel agree not to make any statements, written or verbal, or to cause or encourage any other Person to make any statements, written or oral, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of the Parties and their respective counsel concerning all Released Claims, as well as the litigation of this Action, the Settlement, this Agreement, and any discussions, interactions, or negotiations of the Settlement by the Parties and their counsel.

14.26  <u>Compliance with Ethical Obligations</u>.  Settlement Class Representative, Class Counsel, Facebook, and Facebook's counsel agree that, throughout the course of the Action, each of them complied with the provisions of Rule 11 of the Federal Rules of Civil Procedure.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:

LEAD SETTLEMENT CLASS COUNSEL ON BEHALF OF THE SETTLEMENT CLASS


__/s/Andrew N. Friedman_____
John A. Yanchunis (Pro Hac Vice)
MORGAN & MORGAN COMPLEX
LITIGATION GROUP
*jyanchunis@ForThePeople.com*
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: +1.813.223.5505
Facsimile: +1.813.223.5402

COHEN MILSTEIN SELLERS & TOLL PLLC
Andrew N. Friedman (Pro Hac Vice)
*AFriedman@CohenMilstein.com*
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Telephone: +1.202.408.4600
Facsimile: +1.202.408.4699

TADLER LAW, LLP
Ariana J. Tadler (Pro Hac Vice)
*atadler@tadlerlaw.com*
One Penn Plaza
New York, NY 10119
Telephone: +1.212.946.9453

DEFENSE COUNSEL, ON BEHALF OF FACEBOOK, INC.

/s/ Andrew B. Clubok_____
Andrew B. Clubok (appearance *pro hac vice*)
LATHAM & WATKINS LLP
*andrew.clubok@lw.com*
Susan E. Engel (appearance *pro hac vice*)
*susan.engel@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
T:  +1.202.637.2200/F:  +1.202.637.2201

Elizabeth L. Deeley (CA Bar No. 230798)
*elizabeth.deeley@lw.com*
Michael H. Rubin (CA Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (CA Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA  94111-6538
T:  +1.415.391.0600/F:  +1.415.395.8095

Serrin Turner (appearance *pro hac vice*)
*serrin.turner@lw.com*
885 Third Avenue
New York, NY  10022-4834
T:  +1.212.906.1200/F:  +1.212.751.4864

COUNSEL FOR FACEBOOK, INC.

/s/ Ian Chen_____
Ian Chen

*Sub-Exhibit A-1*

## EXHIBIT 1 – FACEBOOK'S SECURITY COMMITMENTS

Pursuant to the Parties' Settlement Agreement, filed concurrently in the matter captioned *Adkins, et al. v. Facebook, Inc*., Case No. C 18-05982 WHA (JSC), Facebook shall adopt, implement, and/or maintain the security commitments as described below, for a period of five years from the Effective Date of the Parties' Settlement Agreement.

1.  Facebook shall utilize tools reasonably designed to run integrity checks[1] on session updates (*i.e.*, significant changes ███████████████████████████ during the course of a session).[2]  Specifically, these tools shall be reasonably designed to run integrity checks on:

    (a)  ████████████████████████; and

    (b)  ████████████████████████████████████████ ██████████████████████████████████.

2.  Facebook shall utilize tools reasonably designed to detect suspicious patterns in the generation and use of access tokens across Facebook.  Specifically:

    (a)  Facebook shall utilize monitoring rules reasonably designed to detect ████████████ ████████ ████████████████████ tokens issued or received by Facebook[4]; and

    (b)  Facebook shall implement alerting rules, processes, and procedures reasonably designed to automatically bring such changes to the attention of appropriate security personnel.

3.  Facebook shall utilize processes, procedures, and tools reasonably designed to enable Facebook to promptly contain a security incident involving the improper issuance of access tokens.  Specifically, Facebook shall utilize tools that enable

---

[1] An "integrity check" refers to an automated assessment of user activity for signals of theft or abuse of user credentials, based on a comparison of various parameters of the user's current session against the user's login history.

[2] A "session" refers to the set of user activity starting from a login to a Facebook product from a particular device or application.  For example, a user who logs into Facebook from a browser on a desktop computer, from the Facebook mobile app, and from a browser on a mobile device would have three separate sessions corresponding to the activity following from these three logins.

[3] The term "specified" as used in this document means selected by the Facebook team responsible for the security measure at issue.

[4] "Issuance" of a token refers to the transmission of a token by Facebook to a user.  "Receipt" of a token refers to the transmission of a token from an application to Facebook on a user's behalf in connection with accessing the user's account.

██████████████████████████████████████████
████████████████████████████████████████

4.      Facebook shall utilize systems reasonably designed to generate automatic alerts for specified types of suspicious activity observable in user growth metrics.  Facebook shall also utilize automated processes reasonably designed to ensure that a site-event report ("SEV") is filed if the alert is not promptly resolved and that the SEV is promptly addressed.

5.      Facebook shall obtain annual SOC2 Type II security assessments of certain Facebook products that cover the product security and vulnerability management controls used across Facebook's infrastructure (including the Facebook service), and that apply the AICPA Trust Services Criteria for Security, Availability and Confidentiality.[5]  The results of these annual SOC2 Type II security assessments shall be reported to the third-party vendor addressed in § 2.3 of the Settlement Agreement.

6.      Facebook shall utilize processes reasonably designed to implement the principle of least privilege so that applications that rely on access tokens are given only the capabilities needed to perform the functionalities for which they are intended. Specifically:

    (a)     Facebook shall maintain internal documentation that provides guidance to Facebook software engineers on best practices for selecting capabilities for applications that rely on access tokens.

    (b)     Facebook shall automatically remove any capabilities from a given application that relies on access tokens if the application does not use those capabilities over a 90-day period.

7.      Facebook shall certify that it has eliminated the use of "NoConfidence" authentication proofs[6] across the code for the Facebook service, and it shall not reintroduce the use of such authentication proofs in the code.

8.      Facebook shall commit to employing at least one senior security executive with direct reporting authority and obligations to Facebook's Board of Directors.

---

[5] For the avoidance of doubt, a SOC2 assessment of a Facebook product other than the Facebook service may meet this requirement so long as it covers the product security and vulnerability management controls that apply to the Facebook service as well as the product that is the subject of the assessment.

[6] A "NoConfidence authentication proof" refers to a certain (now deprecated) interface in Facebook's authentication infrastructure that was designed to enable a Facebook feature to generate a user credential without providing cryptographic proof of a valid login.

9.  Facebook shall log issuance and receipt of access tokens across Facebook in a manner reasonably designed to facilitate the detection, investigation, and identification of the compromise of user access tokens.  Specifically:

    (a)  Facebook shall log access token issuance metadata ███████████ and reception metadata ████████████████

    (b)  Facebook shall retain the issuance metadata logs for ██████ and the reception metadata logs for ██████, subject to reasonable adjustment based on resource constraints.

    (c)  Facebook shall include in the logged ████████████████ ██████████████ wherever such information is available.

*Sub-Exhibit A-2*

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

STEPHEN ADKINS, an individual and
Michigan resident, on behalf of himself and all
others similarly situated,

                Plaintiff,

    v.

FACEBOOK, INC.,

                Defendant.

No.  C 18-05982 WHA (JSC)

**[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF
AMENDED CLASS ACTION
SETTLEMENT**

This matter is before the Court on Plaintiff's Motion for Preliminary Approval of the Class Action Settlement ("Motion").  Plaintiff, individually and on behalf of the class certified by the Court on November 26, 2019, ECF No. 260, has entered into an Amended Settlement Agreement and Release ("Settlement Agreement") with Defendant Facebook, Inc. ("Facebook"), dated March 26, 2020.  Capitalized terms herein shall have the same meaning ascribed to them in the Settlement Agreement.

The Court, having reviewed the Motion, its accompanying memorandum, the Settlement Agreement and exhibits thereto, and the file, hereby finds that the Motion should be **GRANTED**. **NOW, THEREFORE, THE COURT FINDS AND ORDERS**:

<u>**PRELIMINARY APPROVAL OF THE SETTLEMENT**</u>

1.      The Settlement Agreement is hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, subject to final Court approval following the Final Approval Hearing described below.  The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel, including through an in-person mediation supervised by the Honorable Joseph C. Spero, and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to the members of the class as provided in this Order.

<u>**CERTIFICATION OF THE SETTLEMENT CLASS**</u>

2.      On November 26, 2019, the Court granted in part and denied in part Plaintiff's Motion for Class Certification, certifying a class for injunctive purposes but denying certification of any class for money damages. ECF No. 260, at 15.  The parties subsequently filed a joint motion to modify the certified class from a worldwide class to a nationwide class, which the Court approved.  ECF No. 271.  The Settlement Agreement applies to the same class certified by the Court.  Accordingly, for all the same reasons that supported certification of the litigation class, the Court finds the Rule 23(b)(2) requirements met and hereby certifies the following class for settlement purposes (the "Settlement Class"):

> All current Facebook users residing in the United States whose personal information was compromised in the data breach announced by Facebook on September 28, 2018; provided, however, that the following are excluded from

1

the Settlement Class: (i) Facebook's officers, directors, legal representatives, successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

Because the Settlement Class is certified under Rule 23(b)(2) only, Settlement Class Members may not exclude themselves from the Settlement.

3.     The Court hereby appoints Stephen Adkins, who currently serves as the Court-appointed class representative for the litigation class, as the Settlement Class Representative.

4.     The Court hereby appoints Andrew Friedman of Cohen Milstein Sellers & Toll PLLC, John Yanchunis of Morgan & Morgan Complex Litigation Group, and Ariana J. Tadler of Tadler Law LLP, who currently serve as Court-appointed class counsel for the litigation class, as counsel for the Settlement Class ("Settlement Class Counsel"), having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

## **NOTICE TO CLASS MEMBERS**

5.     The Court approves the form, substance and requirements of the (a) Long Form Notice and (b) Short Form Notice, which are set forth as Exhibits A-4a and A-4b to the Settlement Agreement.

6.     The Notice Plan set forth as Exhibit A-3 to the Settlement Agreement is preliminarily approved.

7.     Settlement Class Counsel has the authority to enter into the Settlement Agreement on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement or such other acts that are reasonably necessary to consummate the Settlement Agreement.

8.     The Court approves Angeion Group as the Settlement Administrator.

9.     In accordance with the above, the Court adopts the following schedule:

a.     Within 10 business days of entry of this Order, Facebook and Class Counsel shall provide the Settlement Administrator with certain contact information for the Settlement Class Members, as set forth in the Settlement Agreement at Section 4.

b.     Within 45 days of entry of this Order, Notice in the form of Exhibits 4a and 4b

2

1    to the Settlement Agreement shall be disseminated by the Settlement

2    Administrator ("Notice Date").

3    c.   The deadline for any request by Settlement Class Counsel for attorneys' fees,

4    costs and expenses or by Settlement Class Representative for a Service Award,

5    shall be no more than 40 days after the Notice Date.  The hearing on any such

6    motion shall be concurrent with the Final Approval Hearing.

7    d.   Each Settlement Class Member shall be given a full opportunity to object to the

8    proposed Settlement and any request by Settlement Class Counsel for an award

9    of attorneys' fees, costs and expenses or for a Service Award to Settlement

10   Class Representative, and to participate at the Final Approval Hearing.  The

11   deadline to object to the Settlement shall be 68 calendar days after the Notice

12   Date.

13   e.   To be valid, the written objection must be submitted to the Court, the

14   Settlement Administrator and Class Counsel and must contain the following:

15      i.   The objector's full name, mailing address, and email address or telephone

16           number;

17      ii.  An identification of the case name and number (*Adkins v. Facebook,* No.  C

18           18-05982 WHA) (N.D. Cal.);

19      iii. If the objector did not receive Notice of the settlement, a brief explanation of

20           why the objector believes he or she is a Settlement Class Member; and

21      iv.  a statement of the reasons or basis for the objection.

22   f.   At least 15 days before the Final Approval Hearing, the Settlement

23   Administrator shall provide a final report to counsel concerning the number of

24   inquiries from the Settlement Class and the status of the Notice Plan, as set

25   forth in the Settlement Agreement.

26   g.   Plaintiff shall file a Motion for Final Approval no later than 40 days after the

27   Notice Date.

28   h.   Any replies in support of final approval and fees must be filed no later than 20

3

1   days after the Objection Deadline.

2         i.     The Final Approval Hearing shall be held on [ ● ] at [ ● ] in Courtroom 12 of

3   the above-referenced Court.

4       10.    Pending the Final Approval Hearing, all proceedings in this action other than those

5   necessary to carry out and enforce the terms and conditions of the Settlement Agreement and this

6   Order, are stayed.  Additionally, the Court enjoins all Settlement Class Members from asserting or

7   maintaining any claims to be released by the Settlement Agreement until the date of the Final

8   Approval Hearing.

9   **IT IS SO ORDERED.**

10   Dated:  _____

11                                                   William Alsup
                                              United States District Judge

*Sub-Exhibit A-3*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN ADKINS, an individual and Michigan resident, on behalf of himself and all others similarly situated,

                    Plaintiff,

v.

FACEBOOK, INC.,

                    Defendant.

Case No: 3:18-cv-05982 WHA

**DECLARATION OF STEVEN WEISBROT RE: NOTICE PROGRAM**

I, Steven Weisbrot, Esq., declare under penalty of perjury as follows:

1.      I am a partner at the class action notice and settlement administration firm Angeion Group, LLC ("Angeion"). I am fully familiar with the facts contained herein based upon my personal knowledge.

2.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

3.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23*.

4.      I have given public comment and written testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media

and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and suggest an educational curriculum for the judiciary concerning notice procedures.

5.     Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

6.     My notice work comprises a wide range of settlements that include product defect, data breach, mass disasters, false advertising, employment, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

7.     Courts have repeatedly recognized my work in the design of class action notice programs. For example, on February 24, 2017, The Honorable Ronald B. Rubin in *James Roy et al. v. Titeflex Corporation et al.*, No. 384003V (Md. Cir. Ct.), noted when granting preliminary approval to the settlement for a class certified under Rule 23(b)(3):

> What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make a decision. To me that is a key piece of this deal. ***I think the notice provisions are exquisite.*** (Emphasis added).

A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit 1**.

8.     By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $12 billion to class members. The executive profiles as well as the company overview are available at http://www.angeiongroup.com/our_team.htm.

9.     This declaration will describe the notice program that we will implement in this matter,

including the considerations that informed the development of the plan.

## SUMMARY OF THE NOTICE PROGRAM

10.     Because this class was certified pursuant to Fed. R. Civ. P. 23(b)(2) for injunctive relief only, notice is not required; instead, it is within the Court's discretion. The Notice Program outlined below fully comports with the Court's January 6, 2020, Order Granting Joint Motion to Modify Certified Class and Class Notice (EFC No. 721) and exceeds any requirement for notice under due process, Fed. R. Civ. P. 23, and the Northern District's Procedural Guidance for Class Action Settlements. Here, the proposed Notice Program provides individual notice to all potential Settlement Class Members who can be identified in the Defendant's records, combines a robust media campaign consisting of state-of-the-art targeted internet banner notice, print publication notice, and an advanced custom social media campaign.  The Notice Program also includes a dedicated website and toll-free telephone line where Settlement Class Members can learn more about their rights in the litigation.  In short, the Notice Program is the best notice that is practicable under the circumstances and exceeds many notice campaigns routinely approved in similar settlements.

## EMAIL NOTICE

11.     The direct notice effort in this matter will consist of sending individual email notice to all potential Settlement Class Members who have provided email addresses or phone numbers to Defendant.

12.     Angeion has been advised that the Defendant will provide approximately 3,600,000 records with email addresses and approximately 400,000 records with phone numbers only. For the 400,000 records with phone numbers only, Angeion will cause a reverse lookup ("append") to be performed to attempt to locate email addresses for those records.

13.     The append search utilizes data garnered from available first-party and third-party data providers to match the mobile telephone numbers and other available data points as a validity check to identify email addresses associated with those mobile numbers provided by the Defendant.

Angeion will update the Class List with Class Member email addresses obtained via the append process.

14.     As an initial matter, Angeion designs the email notice to avoid many common "red flags" that might otherwise cause a potential Settlement Class Members' spam filter to block or identify the email notice as spam.  For instance, Angeion does not include the Long Form Notice as an attachment to the email notice, because attachments are often interpreted by various Internet Service Providers ("ISP") as spam.  Rather, in accordance with industry best practices, Angeion includes a link to all operative documents so that Settlement Class Members can easily access this information.

15.      To avoid a "volume trigger" on spam filters, Angeion would disseminate the email notice in waves. This is why the proposed Preliminary Approval order provides a Notice Date deadline of 45 days after preliminary approval.

16.     Angeion also accounts for the real-world reality that some emails will inevitably fail to be delivered during the initial delivery attempt.  Therefore, after the initial noticing campaign is complete, Angeion, after an approximate 24-72-hour rest period—which allows any temporary block at the ISP level to expire—causes a second round of email noticing to continue to any email addresses that were previously identified as soft bounces and not delivered.  In our experience, this minimizes emails that may have erroneously failed to deliver due to sensitive servers and optimizes delivery.

17.     In summary, the direct notice effort in this matter is robust.

### ONLINE NOTICE

18.     In addition to the direct notice efforts described above, the Notice Program includes a robust digital media campaign focused on reaching the prototypical individual Settlement Class Member.

19.     Angeion utilizes advanced targeting, machine learning, and a known and verifiable target audience profile, to ensure that members of the target audience are reached online. Through this "programmatic" approach, Angeion will be able to focus solely on reaching the prototypical individual Settlement Class Member. Purchasing display and mobile inventory programmatically

provides the highest reach, allows for numerous advanced targeting layers, and offers the most cost-efficient rates to reach potential Settlement Class Members.

20.     Multiple targeting layers will be implemented into the programmatic buy to help ensure delivery to the most appropriate users.  Inventory will run on desktop and mobile devices to reach the most qualified audience.

21.     The internet banner notice portion of the notice program will be implemented using a three-week desktop and mobile campaign, utilizing banner ads in standard IAB sizes (160x600, 300x250, 728x90, 300x600, 320x50 and 300x50).

22.     To combat the possibility of non-human viewership of the digital advertisements and to verify effective unique placements, Angeion utilizes Integral Ad Science ("IAS"), the leading ad verification company to prevent fraudulent activity.[1]  IAS has received the Media Rating Council "MRC"[2] accreditation for Sophisticated Invalid Traffic (SIVT) detection for desktop and mobile web traffic. Angeion also employs Lotame, a demand management platform ("DMP"), to learn more about the online audiences that are being reached.

## TARGETED SOCIAL MEDIA NOTICE

23.     The Notice Program also includes a customized Facebook campaign in which Angeion will upload known Settlement Class Member email addresses directly to Facebook. Where email addresses are used as the primary log-on email address for a Facebook account, Angeion will deliver ads displayed via the Facebook platform, whether on mobile device, tablet or computer, effectively targeting verified Settlement Class Members.

## PUBLICATION NOTICE

---

[1] Integral Ad Science (IAS) is a global technology and data company that builds verification, optimization, and analytics solutions to empower the advertising industry to effectively influence consumers everywhere, on every device.  They solve the most pressing problems for brands, agencies, publishers, and technology companies by verifying that every impression has the opportunity to be effective, optimizing towards opportunities to consistently improve results, and analyzing digital's impact on consumer actions.  Built on data science and engineering, IAS is headquartered in New York with global operations in ten countries.

[2] The Media Rating Council was established in the early 1960's at the behest of the US congress.  The objective or purpose to be promoted or carried on by Media Rating Council is: To secure for the media industry and related users audience measurement services that are valid, reliable and effective.  To evolve and determine minimum disclosure and ethical criteria for media audience measurement services.  To provide and administer an audit system designed to inform users as to whether such audience measurements are conducted in conformance with the criteria and procedures developed.

24.     To further disseminate notice of the Settlement, the notice program utilizes print media to reach potential Settlement Class Members.

25.     One ½ page B&W insertion in *USA Today* is recommended and will be distributed on a national level, including the digital e-Edition.

## RESPONSE MECHANISMS

26.     The Notice Program will also implement the creation of a case-specific website, where Settlement Class Members can easily view general information about this class action litigation, review relevant Court documents, and view important dates and deadlines pertinent to the litigation. The website will be designed to be user-friendly and make it easy for Settlement Class Members to find information about the settlement. The website will also have a "Contact Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address.

27.     A toll-free telephone line devoted to this case will be implemented to further apprise Settlement Class Members of the rights and options in the litigation.  The toll-free telephone line will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the litigation. This telephone line will be accessible 24 hours a day, 7 days a week.

## PLAIN LANGUAGE NOTICE DESIGN

28.     The proposed Notice forms used in this matter are designed to be "noticed," reviewed, and— by presenting the information in plain language—understood by Settlement Class Members. The design of the notices follows principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. The notice forms contain plain-language summaries of key information about Settlement Class Members' rights and options pursuant to the litigation. Consistent with normal practice, prior to being delivered and published, all notice documents will undergo a final edit for accuracy.

29.     Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language."  Angeion Group maintains a strong commitment to

adhering to this requirement, drawing on its experience and expertise to craft notices that effectively convey the necessary information to Settlement Class Members in plain language.

## **CONCLUSION**

30.     The Notice Program outlined above includes direct notice to all reasonably identifiable potential Settlement Class Members.  Further, the Notice Program includes a robust media campaign comprised of internet banner ad notice, print publication and a targeted social media campaign, coupled with the implementation of a dedicated website and toll-free hotline to further inform Settlement Class Members of their rights and options in the litigation.

31.     In my opinion, the Notice Plan will provide full and proper notice to Settlement Class Members before the objection and any other applicable deadlines.  Moreover, it is my opinion that Notice Program fully comports with the Court's January 6, 2020, Order Granting Joint Motion to Modify Certified Class and Class Notice (EFC No. 721) and exceeds any requirement for notice under due process, Fed. R. Civ. P. 23, and the Northern District's Procedural Guidance for Class Action Settlements.  After the Notice Plan has concluded, Angeion will provide a final report verifying its effective implementation.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 7, 2020

STEVEN WEISBROT

*Sub-Exhibit A-4(a)*

## Notice of Facebook Data Breach Class Action Settlement

*Adkins, et al. v. Facebook, Inc.*, Case No. C 18-05982 WHA (JSC)
(N.D. Cal.)

This is a Court approved Legal Notice.  This is not an advertisement.

### Important Information – Read Carefully.

A Class Action Settlement has been proposed in litigation against Facebook, Inc. ("Facebook"), arising out of a cyberattack on the Facebook platform that was announced on September 28, 2018 (the "Data Breach").  If you are a Facebook user residing in the United States whose personal information was compromised in the Data Breach, you are a "Settlement Class Member."

Facebook denies any wrongdoing, and no court or other entity has made any judgment or other determination that Facebook has done anything wrong.  Instead, both sides have agreed to a settlement.

Under the terms of the Settlement, Facebook has agreed to certain security commitments related to safeguarding users' personal information.  In exchange, Settlement Class Members will release any and all claims for injunctive and declaratory relief they may have against Facebook regarding the Data Breach.

If approved, the proposed Settlement will resolve the litigation entitled *Adkins, et al. v. Facebook, Inc.*, Case No. C 18-05982 WHA (JSC) (N.D. Cal.), before Judge William Alsup in the U.S. District Court for the Northern District of California.  The Court must decide whether to finally approve the Settlement.

**Your legal rights are affected even if you do nothing.**

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.facebookdatabreach.com**

**Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **OBJECT OR COMMENT ON THE SETTLEMENT** | You may object to the Settlement by writing to the Court and informing it why you don't think the Settlement should be approved. You can also write the Court to provide comments or reasons why you support the Settlement.<br><br>For detailed information about how to object to or comment on the Settlement, see Question 11. | Deadline: [ ● ] |
| **GO TO THE FINAL APPROVAL HEARING** | You may, but are not required to, attend the Final Approval Hearing where the Court may hear arguments concerning the approval of the Settlement.  If you wish to speak at the Final Approval Hearing, you must make a request to do so in your written objection or comment in advance of the Final Approval Hearing and by no later than the deadline. | Deadline: [ ● ] |
| **DO NOTHING** | If you do nothing, and the Settlement is approved, you will not be able to sue Facebook for claims for injunctive and declaratory relief related to the Data Breach.  The Settlement will not affect your rights to sue Facebook for monetary damages. | No deadline |

**This Settlement affects your legal rights even if you do nothing.**

# What this Notice Contains

**Page**

**BACKGROUND INFORMATION** ...................................................................**5**

1.    Why is there a notice?...........................................................5

2.    What is this litigation about? ................................................5

3.    Who is the defendant in the lawsuit? .....................................5

4.    What is a class action? .........................................................6

5.    Why is there a settlement? ....................................................6

**SETTLEMENT CLASS MEMBERSHIP** ........................................................**6**

6.    How do I know if I am part of the Settlement?........................6

**THE LAWYERS FOR SETTLEMENT CLASS MEMBERS** ............................**7**

7.    Do I have a lawyer in the case? ............................................7

8.    How will Class Counsel be paid? ..........................................7

**BENEFITS FOR SETTLEMENT CLASS MEMBERS** ...................................**7**

9.    What benefits does the Settlement provide?...........................7

**LEGAL RIGHTS RESOLVED THROUGH THE SETTLEMENT** .....................**8**

10.   How does the Settlement affect my rights? ............................8

**OBJECTING TO OR COMMENTING ON THE SETTLEMENT** .....................**8**

11.   How do I tell the Court that I like the Settlement, or that I don't like the Settlement?.........................................................................8

12.   Can I exclude myself from the settlement?.............................9

**FINAL APPROVAL HEARING**......................................................................**9**

13.   When and where will the Court decide whether to approve the Settlement? .........9

14.   Do I have to come to the hearing? ......................................10

15.   May I speak at the hearing? ................................................10

**DOING NOTHING**.......................................................................................**10**

16.   What happens if I do nothing?.............................................10

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.facebookdatabreach.com**

**GETTING MORE INFORMATION**................................................................................**10**

17.      How do I get more information?.......................................................................10

# BACKGROUND INFORMATION

| 1. | Why is there a notice? |
|---|---|

A Court authorized this notice to inform you about a proposed Settlement that may affect your rights relating to injunctive and declaratory relief.  This notice explains the nature of the litigation, the general terms of the proposed Settlement, and how it may affect you.  The Settlement will not affect your rights to sue Facebook for monetary damages.

| 2. | What is this litigation about? |
|---|---|

On September 28, 2018, Facebook announced that it had been the subject of a cyberattack resulting in the compromise of certain information that users had provided to Facebook.  The attack affected approximately 4 million users in the United States.  The attackers gained access to names and email addresses or phone numbers of all affected users.  In addition, for a portion of the affected users, the attackers gained access to other information, consisting of (a) fields of information found in the "About" section of the user's Profile, to the extent the users had filled out those Profile fields, namely, username, first name, last name, full name, gender and date of birth, and, to the extent the fields were populated, workplace, education, relationship status, religious views, hometown, self-reported current city, and website and certain other information from the user's Profile, namely the locale/language setting used to determine the display language for the page; the types of device(s) used by the user to access Facebook; the last 10 places the user "checked into" or was "tagged" in on Facebook, if any; the people or pages on Facebook followed by the user, if any; and the user's 15 most recent searches using the Facebook search bar, if any.

The lawsuit was brought against Facebook on behalf of a class of U.S. users whose data was compromised in the Data Breach, based on the plaintiff's claim that Facebook failed to adequately protect users' personal information.  The lawsuit originally sought on behalf of the class both monetary damages as well as injunctive relief (*i.e.*, a court order) requiring changes to Facebook's practices regarding data security.  Although the Court concluded that a class could not be certified for damages because the plaintiff had not demonstrated a cognizable injury under the law that could support the plaintiff's claim for damages on behalf of the class, the Court certified a class for injunctive relief.  Facebook denies any wrongdoing, and no court or other entity has made any judgment or other determination that Facebook has done anything wrong.  The current complaint filed in this litigation, which describes the specific legal claims alleged by the plaintiff, the alleged facts giving rise to the lawsuit, and the relief sought in litigation, is available at: www.facebookdatabreach.com.

| 3. | Who is the defendant in the lawsuit? |
|---|---|

The defendant is Facebook, Inc.

| 4. | What is a class action? |
|---|---|

 Even if you have not filed your own lawsuit against Facebook regarding the Data Breach, you will benefit from the commitments provided by this Settlement because the litigation is proceeding as a class action. In a class action, one or more people file a lawsuit to assert legal claims on behalf of themselves and other persons who have experienced the same or similar circumstances.

In November 2019, the U.S. District Court for the Northern District of California determined that it could not certify the case as a class action for damages, because the plaintiff had not shown any injury cognizable under the law that could support a damages claim on behalf of a class. However, the Court certified a class for purposes of seeking injunctive relief.  The Court appointed the plaintiff as class representative to represent not only his own personal interests but the interests of all members of the class, and that same class representative is the "Settlement Class Representative" now.

| 5. | Why is there a settlement? |
|---|---|

Settlements avoid the costs and uncertainty of a trial and related appeals, while providing benefits to Settlement Class Members when the Settlement becomes final.  The Court has not decided the case in favor of any party.  Instead, both sides have agreed to a settlement.  The Settlement Class Representative, who represents the interests of all Settlement Class Members, and the attorneys for the Settlement Class ("Class Counsel," *see* Question 7) believe that the Settlement is in the best interests of the Settlement Class Members.

# SETTLEMENT CLASS MEMBERSHIP

| 6. | How do I know if I am part of the Settlement? |
|---|---|

You are a Settlement Class Member, and you are affected by this Settlement, if:

You are a Facebook user residing in the United States whose personal information was compromised in the Data Breach announced by Facebook on September 28, 2018.

However, the following entities and individuals are **not** Settlement Class Members:

- Facebook, any entity in which Facebook has a controlling interest, and Facebook's officers, directors, legal representatives, successors, subsidiaries, and assigns; and
- Any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

If you have received an email Notice of this Settlement, you have been identified by the Settlement Administrator as a Settlement Class Member.

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement website at www.facebookdatabreach.com or call the Settlement Administrator toll free number at 800-XXX-XXXX, to inquire about whether you are a Settlement Class Member.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.facebookdatabreach.com**

# THE LAWYERS FOR SETTLEMENT CLASS MEMBERS

| 7. | Do I have a lawyer in the case? |
|---|---|

Yes.  The Court appointed as "Class Counsel" John A. Yanchunis of Morgan & Morgan Complex Litigation Group, Ariana J. Tadler of Tadler Law LLP, and Andrew N. Friedman of Cohen Milstein Sellers & Toll, PLLC, to represent you and the other Settlement Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 8. | How will Class Counsel be paid? |
|---|---|

Class Counsel will make an application for reasonable attorneys' fees, costs, and expenses, which must be approved by the Court before they will be paid.

Class Counsel will also ask the Court to approve a Service Award of up to $5,000 to compensate the Settlement Class Representative.

The Court will decide the amount of attorneys' fees, costs, and expenses, and the amount of any Service Award to be awarded.  Facebook has not agreed to any amount. Any attorneys' fees, costs, and expenses or Service Award awarded will be paid by Facebook. Class Counsel intends to request a fee of no more than $16,000,000 and to be reimbursed expenses of no more than $1,700,000. Class Counsel's application for an award of attorneys' fees, costs, and expenses, is due  [ ● ].  This application will be made available on the Settlement website at www.facebookdatabreach.com before the deadline for you to comment or object to the Settlement. Facebook will review the application and intends to object to any fees, costs, or expenses it believes to be unreasonable.

# BENEFITS FOR SETTLEMENT CLASS MEMBERS

| 9. | What benefits does the Settlement provide? |
|---|---|

The Settlement provides a number of security commitments by Facebook designed to prevent attacks similar to the Data Breach.  These commitments relate to, among other things, Facebook's tools, processes, and systems for detecting suspicious activity and account compromise, authenticating users, and responding to and containing a security incident. In addition, Facebook will commit to obtaining certain outside assessments related to product security and vulnerability management controls, and to continue employing at least one senior security executive with direct reporting authority and obligations to Facebook's Board of Directors.

Facebook's compliance with these commitments will be assessed annually by an independent third-party expert for a period of five years.

Facebook will also certify that the vulnerability that was exploited in the Data Breach has been eliminated, that it is no longer possible to generate access tokens in the manner that was done in the Data Breach, and that all access tokens generated through the vulnerability that was exploited have been invalidated.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.facebookdatabreach.com**

In the event that technological or industry developments, or intervening changes in law render any part of the security commitments obsolete or make compliance by Facebook unreasonable or technically impractical, Facebook will provide notice to Class Counsel within ten (10) days and propose a modification. If Facebook, Class Counsel, and Class Counsel's expert agree that the elimination or modification of the business practice is appropriate, they will jointly seek permission from the Court to eliminate or modify the business practice. If they fail to reach an agreement, Facebook may seek permission from the Court, and Class Counsel may oppose that request.

## LEGAL RIGHTS RESOLVED THROUGH THE SETTLEMENT

| 10. | How does the Settlement affect my rights? |
|---|---|

If the Settlement becomes final, you will release all claims for declaratory or injunctive relief against Facebook related to the Data Breach.  You will no longer have any right to file a lawsuit against Facebook seeking a declaratory judgment or injunction related to the Data Breach— whether or not you are currently aware of any such claims.  This Settlement does ***not*** release any claims you may have against Facebook for money damages related to the Data Breach.

All of the Court's orders will apply to you and legally bind you.  You can access the Settlement Agreement and read the specific details of the legal claims being released at www.facebookdatabreach.com.

## OBJECTING TO OR COMMENTING ON THE SETTLEMENT

| 11. | How do I tell the Court that I like the Settlement, or that I don't like the Settlement? |
|---|---|

You can comment on, or object to, the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses, and/or the request for Service Award for the Settlement Class Representative.

You object to the Settlement when you disagree with some aspect of the Settlement and think the Court should not give Final Approval to the Settlement.  An objection, like a comment, allows your views to be heard in Court.

Filing an objection means you are asking the Court to deny approval to the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses, or the Settlement Class Representative's request for a Service Award.  You can't ask the Court to order a different settlement—it can only approve or deny the Settlement that has been reached.  If the Court denies approval of the Settlement, the lawsuit will continue.  If that is what you want to happen, you may so state in an objection.

If you choose to make an objection or comment, it must be in writing and contain the following:

a.  The name and case number of this lawsuit (*Adkins, et al. v. Facebook, Inc.*, Case No. C 18-05982 WHA (JSC));

b.  Your full name, mailing address, and email address or telephone number;

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.facebookdatabreach.com**

     c.       If you <u>did not</u> receive a notice of the Settlement, a brief explanation of why you believe you are a Settlement Class Member; and

A statement of the reasons or basis for your objection. **To be considered by the Court, your objection must be either (1) filed at any location of the United States District Court for the Northern District of California on or before ___[ ● ]____, or (2) mailed, postmarked no later than _____[ ● ]____, to the following recipients at these addresses:**

| THE COURT |
| :---: |
| The Hon. William Alsup |
| United States District Judge |
| San Francisco Courthouse, Courtroom 12 – 19th Floor |
| 450 Golden Gate Avenue, San Francisco, CA 94102 |

| THE SETTLEMENT ADMINISTRATOR |
| :---: |
| *Adkins et al. v. Facebook, Inc.* |
| ATTN: OBJECTIONS |
| P.O. Box 58220 |
| Philadelphia, PA 19102 |

| CLASS COUNSEL | | |
| :--- | :--- | :--- |
| Ariana J. Tadler<br>TADLER LAW LLP<br>One Penn Plaza<br>36th Floor<br>New York, NY 10119<br>Telephone: (212) 946-9453 | John A. Yanchunis<br>MORGAN & MORGAN<br>COMPLEX LITIGATION<br>GROUP<br>201 N. Franklin St., 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br>Facsimile: (813) 223-5402 | Andrew N. Friedman<br>COHEN MILSTEIN<br>SELLERS & TOLL PLLC<br>1100 New York Ave. NW,<br>Fifth Floor<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699 |

## 12.   Can I exclude myself from the settlement?

No, under Federal Rule of Civil Procedure 23(b)(2) and the applicable law, it is not possible to opt out of the Settlement.

# FINAL APPROVAL HEARING

## 13.   When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [ ● ] on [ ● ], **2020** in Courtroom 12 of the United States Courthouse, 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102.  The hearing may be postponed to a different date or time or location without notice.  Please check  or Judge William Alsup's Calendar https://www.cand.uscourts.gov/judges/alsup-william-wha/ for any updates about the Settlement or the Final Approval Hearing.  If the date or time of the Final

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.facebookdatabreach.com**

Approval Hearing changes, an update to the Settlement Website or the Court's Calendar will be the only way you will be informed of the change.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who appear at the hearing and who have provided notice of their intent to appear at the hearing (see Question 11). The Court may also consider any application by Settlement Class Counsel for attorneys' fees, costs, and expenses, as well as a separate Service Award for the Settlement Class Representative. Any motions for attorney fees, costs, and expenses will be posted on the website after they are filed, and not later than 10 days before the Final Approval Hearing. At or after the hearing, the Court will decide whether to approve the Settlement.

| **14.** | **Do I have to come to the hearing?** |
|---|---|

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you submit a written objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time, that is sufficient for the Court to consider it. You may also pay your own lawyer to attend, but it is not required.

| **15.** | **May I speak at the hearing?** |
|---|---|

At the hearing, the Court, at its discretion, will hear any objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to. As described above in response to Question 11, you may speak at the Final Approval Hearing if (a) you have filed or mailed your written comment or objection to the appropriate recipient on or before the postmark or filing deadline and included the necessary information stated in Section 11 above, and (b) stated in your comment or objection that you intend to appear at the Final Approval Hearing.

## DOING NOTHING

| **16.** | **What happens if I do nothing?** |
|---|---|

If you do nothing, and the Settlement is approved, you will not be eligible to sue Facebook for claims for injunctive and declaratory relief related to the Data Breach. The Settlement will ***not*** affect your rights to sue Facebook for monetary damages.

## GETTING MORE INFORMATION

| **17.** | **How do I get more information?** |
|---|---|

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement itself. You can get a copy of the Settlement Agreement, view other case documents, and get additional information and updates by visiting www.facebookdatabreach.com. All of the case documents that have been filed publicly in this case are also available online through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. This

case is called *Adkins, et al. v. Facebook, Inc.*, and is case number is 18-05982-WHA.  You may obtain case documents by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Division, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

You can also get additional information or request a copy of the Settlement Agreement by emailing at info@facebookdatabreach.com, or writing to the Settlement Administrator at

*Adkins, et al. v. Facebook, Inc.*
Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

*Sub-Exhibit A-4(b)*

## If your Facebook account was impacted by
## the cyberattack Facebook experienced September 2018,
## a pending class action settlement may affect you.

*Adkins, et al. v. Facebook, Inc.*, Case No. C 18-05982 WHA (JSC) (N.D. Cal.)

A Class Action Settlement has been proposed in litigation against Facebook, Inc. ("Facebook"), arising out of a cyberattack on the Facebook platform that was announced on September 28, 2018 (the "Data Breach"). Facebook denies any wrongdoing, and no court or other entity has made any judgment or other determination that Facebook has done anything wrong. Instead, both sides have agreed to a settlement.

### Am I included?

You are a Settlement Class Member, and you are affected by this Settlement, if you are a Facebook user residing in the United States whose personal information was compromised in the Data Breach. *[FOR AD VERSION:* If you received an email Notice of this Settlement, you have been identified by the Settlement Administrator as a Settlement Class Member.]

    *[FOR EMAIL VERSION*: If you are receiving this email Notice, you have been identified by the Settlement Administrator as a Settlement Class Member.]

### What does the Settlement provide?

The Settlement provides a number of security commitments by Facebook related preventing attacks similar to the Data Breach. Facebook will also certify that the vulnerability that was exploited in the Data Breach has been eliminated. Facebook's compliance with the Settlement will be assessed by an independent third-party expert for a period of five years. This is only a summary of the benefits. For complete information, dates, and details on the benefits, visit the settlement website at www.facebookdatabreach.com, or call 800-XXX-XXXX.

### What are my options?

You may object to the Settlement by writing to the Court and explaining why you do not think the Settlement should be approved. You can also write to the Court to support the Settlement. You are not required to do anything. Whether you object, comment, or do nothing, if the Settlement is approved, you will benefit from the commitments outlined in the Settlement, however you will not be eligible to sue Facebook for claims for injunctive and declaratory relief related to the Data Breach. The Settlement will not affect your rights to sue Facebook for monetary damages. The deadline to object is [ ● ].

Class Counsel have a deadline of [ ● ] to file a petition for fees and expenses. Counsel anticipate requesting no more than $16,000,000 in fees and $1,700,000 in expenses. Any awards are to be determined by the Court and to be paid by Facebook. Class Counsel's fee and expense petition will be posted on the settlement website.

The Court has scheduled a hearing in this case at [ ● ] on [ ● ]**, 2020** in Courtroom 12 of the United States Courthouse, 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102. At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, as well Class Counsel's application for attorneys' fees, costs, and expenses and for a Service Award for the Settlement Class Representative. If there are objections, the Court will consider them. You may attend the hearing, or ask to speak at the hearing, but you do not have to do either to benefit from the Settlement.

THIS IS ONLY A SUMMARY OF THE FULL NOTICE AND SETTLEMENT AGREEMENT,
WHICH CONTAIN MORE DETAILED INFORMATION THAT YOU SHOULD READ.
THE FULL NOTICE AND THE SETTLEMENT AGREEMENTS ARE AVAILABLE AT
www.facebookdatabreach.com.

*Sub-Exhibit A-5*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STEPHEN ADKINS, an individual and Michigan resident, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>       Defendant. | No.  C 18-05982 WHA (JSC)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL AND JUDGMENT OF CLASS ACTION SETTLEMENT** |

1    This matter is before the Court on Plaintiffs' Motion for Final Approval of the Class Action

2    Settlement and entry of final judgment ("Motion").   Plaintiff, individually and on behalf of the

3    proposed Settlement Class, has entered into an Amended Settlement Agreement and Release

4    ("Settlement Agreement") with Defendant Facebook, Inc. ("Facebook"), dated   March 26,  2020.

5    ECF No. [ ● ].

6    The Court granted preliminary approval of the Settlement Agreement on [ ● ], and

7    appointed Angeion Group as the notice administrator. ECF No. [ ● ]. [ ● ] provided notice

8    calculated to reach the class nationwide via [ ● ], as outlined in the Settlement Agreement. ECF

9    No. [ ● ]. Plaintiff now moves for final approval of the Settlement Agreement. ECF No. [ ● ]. By

10   separate motion, Plaintiff also seeks attorneys' fees, costs, and expenses, which the Court will

11   address by separate order.

12   The Court, having reviewed the Motion, its accompanying memorandum, the Settlement

13   Agreement and exhibits thereto, and the file, hereby finds that the Motion should be **GRANTED**.

14   **NOW, THEREFORE, THE COURT FINDS AND ORDERS**:

15   1.      Unless otherwise defined herein, all terms that are capitalized herein shall have

16   the same meaning ascribed to those terms in the Settlement Agreement.

17   2.      The Court has jurisdiction over the subject matter of this litigation, the parties and

18   Settlement Class Members, and any party to any agreement that is part of or related to the

19   Settlement Agreement.

20   **FINAL SETTLEMENT AGREEMENT APPROVAL**

21   3.      The Court must now evaluate the fairness of the proposed settlement. While there

22   is a "strong judicial policy that favors settlements, particularly where complex class action

23   litigation is concerned," *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998), a

24   settlement of any class claims requires approval from the Court. Fed. R. Civ. P. 23(e). This

25   analysis must be performed because "[i]ncentives inhere in class-action settlement negotiations

26   that can, unless checked through careful district court review of the resulting settlement, result in

27   a decree in which the rights of class members, including the named plaintiffs, may not be given

28   due regard by the negotiating parties." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

4.     Pursuant to Federal Rule of Civil Procedure 23(e)(1), the Court must first find that the parties provided information to the Court sufficient to enable this Court to determine whether to give notice to the class, and if necessary, direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the Court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.

5.     Here, although optional under Rule 23, the parties provided the Court with sufficient information to direct notice in a reasonable manner to all class members who would be bound by the proposal the parties now ask this Court to approve and certify a class for the purposes of judgment on the proposal. The notice plan was robust, including notice via Exhibit A-3 (the "Notice Plan"), and this Notice Plan provided ample notice and time for any objections to the Settlement Agreement.

6.     Further, pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court must "determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Staton*, 327 F.3d at 959.  The Advisory Committee Notes on the 2018 Amendments, Subdivision (e)(2) note that "[t]he goal of this amendment is not to displace any factor, but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal."  The Court may consider the following factors in evaluating the Settlement Agreement under this standard: "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.* (citation and quotation marks omitted).

7.     Upon consideration of the factors expressed in *Staton*, the Court finds that the Settlement Agreement is fair, adequate, and reasonable.

8.     First, the Settlement reflects the relative strength of Plaintiff's case as well as Facebook's position. This Court has been "'exposed to the litigants and their strategies, positions

and proof,'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988) (quoting *Officers for Justice*, 688 F.2d at 626), and finds that the judicial policy favoring the compromise and settlement of class action suits is applicable here.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Through a motion to dismiss and an opposition to Plaintiffs' motion to amend the Complaint (which raised issues which were dispositive of some of the underlying claims), Facebook challenged this class action on standing grounds and the sufficiency of the causes of action pled. Settlement Class Counsel also engaged in extensive discovery, including deposing 14 percipient Facebook current and former security and software engineers, executives, and corporate representatives, reviewing thousands of documents, retaining multiple relevant experts, defending five depositions of former named plaintiffs and the now-current Settlement Class Representative.  Through this work, Settlement Class Counsel were eventually able to present a thorough evidentiary record resulting in certification of a highly contested class.

9.      The risks, expense, and complexity of further litigation also support approval of the Settlement.  After substantial discovery typically conducted over years of litigation but accomplished in less than one year here, Plaintiff moved to certify certain classes pursuant to Federal Rule of Civil Procedure 23, which the Court granted in part and denied in part.  ECF No. 260.  The Court certified only an injunctive class under Rule 23(b)(2) while denying certification of any damage class under 23(b)(3).  Plaintiff would have faced substantial risk on his claim for injunctive relief at summary judgment, trial, and on appeal.  Now, however, Plaintiff and Settlement Class Counsel have achieved significant injunctive relief for a five-year period to oversee and review Facebook's security commitments, achieving considerable relief for a substantial period of time to benefit Settlement Class Members.

10.      The extent of discovery also supports approval.  During fact discovery, Facebook produced to Class Counsel over 135,000 pages of documents, and Class Counsel took 14 depositions of percipient and 30(b)(6) witnesses and three depositions of Facebook's experts, and defended five depositions of Plaintiff and former Plaintiffs and four depositions of Plaintiff's proffered experts.  Class Counsel also had the assistance and guidance of a number of cybersecurity and identity theft experts.  The parties have had ample information with which to

1   weigh the relative merits of settlement and continued litigation.

2        11.     The opinions of Class Counsel, who are experienced in litigating and settling data

3   breach and privacy class actions, also weigh in favor of final approval. *See Linney*, 1997 WL

4   450064, at *5.  Class Counsel endorse the Settlement as fair, adequate, and reasonable.

5        12.     The Court further finds the Settlement Agreement was reached after arm's-length

6   negotiations by experienced and capable counsel, aided by an experienced mediator, and that it

7   was not the product of fraud, overreaching, or collusion among the parties.  The key terms of the

8   settlement were reached during an in-person mediation session on January 8, 2020, in San

9   Francisco under the direction of the Honorable Joseph C. Spero.  Following the settlement

10  conference, the parties engaged in additional communications in furtherance of settlement,

11  including the negotiation and finalization of a notice plan, a settlement term sheet, a further

12  telephonic conference with Judge Spero, and ultimately the Settlement Agreement.

13       13.     Because this is an injunctive class, and no monetary relief is offered or foreclosed

14  for any Settlement Class Members, there is no monetary relief for the Court to consider.

15       14.     Finally, the remaining two factors, government participation and the reaction of

16  Settlement Class Members, do not militate against approval of the Settlement Agreement.

17       15.     The Court, therefore, finds that the Settlement Agreement is in the best interests

18  of Settlement Class Members, and is fair, reasonable, and adequate within the meaning of

19  Federal Rule of Civil Procedure 23.  Accordingly, the Court **GRANTS** final approval of the

20  Settlement Agreement and all of the terms and conditions contained therein.  The Settling Parties

21  are ordered to implement each and every obligation set forth in the Settlement Agreement in

22  accordance with the terms and provisions of the Settlement Agreement.

23                          **APPROPRIATE NOTICE**

24       16.     The Court finds that the Notice Plan the Court previously approved has been

25  satisfactorily implemented.  The Class Members have received notice of: (i) the pendency of this

26  class action; (ii) the terms of the proposed Settlement, including the Release; (iii) their rights

27  under the proposed Settlement; (iv) their right to object to any aspect of the proposed Settlement;

28  (v) their right to appear at the Final Approval Hearing; (vi) information concerning attorneys'

1  fees and expenses and the Settlement Class representative service award that would be applied

2  for at the Final Approval Hearing, including how to review those applications in advance of the

3  deadlines to object; and (vii) the binding effect of the Final Approval Order and Judgment in this

4  Litigation.  The Court appointed Angeion Group as the Settlement Administrator to fulfill the

5  duties set forth in the Notice Plan**.**

6      17.     In addition, the notice given by Defendant to state and federal official pursuant to

7  28 U.S.C. § S 1715 fully and timely satisfied the requirements of that statute.

8                    **FINAL CERTIFICATION OF SETTLEMENT CLASS**

9      18.     The Court preliminarily found class certification appropriate under Federal Rule

10  of Civil Procedure 23(b)(2). ECF No. 260, at 15. The parties subsequently filed a joint motion to

11  modify the certified class from a worldwide class to a nationwide class, which the Court

12  approved. ECF No. 271.  The Settlement Class is the same as the litigation class.  Thus, for the

13  same reasons, the Court finds final certification of the settlement class appropriate as well.

14  Accordingly, the Court finally certifies, for settlement purposes, the following Settlement Class:

15          All current Facebook users residing in the United States whose personal
            information was compromised in the data breach announced by Facebook on
16          September 28, 2018; provided, however, that the following are excluded from
            the Settlement Class: (i) Facebook's officers, directors, legal representatives,
17          successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial
            officer presiding over this matter and the members of their immediate families
18          and judicial staff.

19  Pursuant to Rule 23(g), the Court confirms the appointment of Court-appointed class counsel

20  Andrew N. Friedman, Ariana J. Tadler and John A. Yanchunis as Settlement Class Counsel and

21  the appointment of Court-appointed class representative Stephen Adkins as Settlement Class

22  Representative.  Because the Settlement Class is certified under Rule 23(b)(2) only, Settlement

23  Class Members may not exclude themselves from the Settlement.

24                          **NO ADMISSION OF LIABILITY**

25      19.     This Order shall not be offered or received against Facebook as evidence of or

26  construed as a presumption, concession or admission by Facebook with respect to the truth of

27  any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted

28  in this Action or any litigation, or the deficiency of any defense that has been or could have been

1    asserted in the Action or any litigation, or of any liability, negligence, fault, breach of duty or

2    wrongdoing by Facebook.

3          20.     This Order shall not be used for any purpose in this or any other matter or

4    proceeding other than as may be necessary to enforce the terms of the Settlement Agreement or

5    this final approval order and judgment.

6                              **DISMISSAL AND RELEASE**

7          21.     By operation of this Final Order and Judgment, as of the Effective Date, the

8    Releases set forth in Section 8 of the Settlement Agreement shall be given full effect.  Upon the

9    Effective Date, this Action is dismissed with prejudice. Facebook shall bear its own attorneys'

10   fees, costs and expenses, and this Court will address the award of Settlement Class Counsel's

11   application for attorneys' fees, costs, and expenses by separate order. All Settlement Class

12   Members shall be bound by the terms of the Settlement Agreement upon entry of this Order.

13                                  **TERMINATION**

14         22.     In the event that the Settlement Agreement is terminated pursuant to the terms of

15   the Settlement Agreement, (a) the Settlement Agreement and this Order shall become void, shall

16   have no further force or effect, and shall not be used in any action or other proceedings for any

17   purpose other than as may be necessary to enforce the terms of the Settlement Agreement that

18   survive termination; (b) this matter will revert to the status that existed before execution of the

19   Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the

20   Parties' settlement discussions, negotiations or documentation (including any briefs filed in

21   support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence

22   for any purpose in any action or other proceeding other than as may be necessary to enforce the

23   terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or

24   concession by any Party regarding the validity of any Released Claim or the propriety of

25   certifying any class against Facebook, or (iii) be deemed an admission or concession by any

26   Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of

27   availability of any defense to the Released Claims.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURISDICTION

23.     Without affecting the finality of the Court's judgment, the Court retains jurisdiction over the implementation, administration, effectuation, and enforcement of the Settlement Agreement and its terms.  The Court also has the jurisdiction and authority to enforce the provisions of this Order and the Court's judgment.

### ENTRY OF FINAL JUDGMENT

24.     The Court finds there is no just reason for delay and **DIRECTS** the Clerk to enter judgment pursuant to Federal Rule of Civil Procedure 54 immediately.

**IT IS SO ORDERED.**

Dated: _____, 2020                 _____

The Honorable William Alsup
U.S. District Judge

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT
No. C18-05982 WHA (JSC)